PER CURIAM.
This case is before the Court on the petition of John G. Enwright, respondent, to review the judgment of the Board of Governors of The Florida Bar that he be disbarred from the practice of law in Florida, and that he pay the cost of the proceeding in the amount of $340.
The facts as stated in the “findings of fact” of the Referee, approved by the Board of Governors, are:
“1. From the month of April, 1951, until the month of January, 1956, the respondent was a junior partner of Mr. Robert Barton in the practice of law in St. Petersburg, Florida.
“2. Mr. Barton died in January, 1956, and shortly thereafter the respondent purchased Mr. Barton’s interest in the partnership.
“3. At the time of Mr. Barton’s death, there were shortages in the partnership’s trust accounts aggregating approximately $32,500.00, occasioned, apparently, by an improper bookkeeping system. By reason of the continued use of the same bookkeeping system, under which trust funds of clients were commingled with the partners’ individual funds, by the respondent, the shortages increased to approximately $38,000.00 as of February 22, 1962.
“4. The respondent was not aware of the shortages at the time he purchased Mr. Barton’s interest in the partnership.
*130 “5. The shortages as of February 22, 1962, in the amount of approxi- . mately $38,000.00, included trust funds of the three estates mentioned in the complaint.
“6. In June of 1962, the respondent borrowed $18,000.00, and his father-in-law advanced an additional $20,000.00, which enabled him to make good in full all shortages revealed by an audit of his accounts.
“7. The respondent succeeded to a substantial practice at the time of the death of his senior partner. For a number of years thereafter he was overworked, was under severe emotional strain, had inadequate bookkeeping help, and did not pay sufficient attention to office finances. He continued to commingle his clients’ funds with his own funds after the death of his senior partner. Such commingling constituted negligence on his part, but he did not wilfully and intentionally convert the funds of his clients to his own use.
“8. Since June of 1962, the respondent has maintained a proper accounting system, under the control of certified public accountants, which will eliminate the possibility of a recurrance (sic) of the violations with which he is charged.
“9. The respondent did not wilfully violate the County Judge’s Court order, for which he was held in contempt, but was unable financially to comply with the order for some months after its entry,”
with the additional fact disclosed by the record that the shortages referred to by the Referee were paid in full to the aggrieved parties prior to the filing of the complaint herein by The Florida Bar, but subsequent to respondent’s being held in contempt of Court by the County Judge for failure to make good the shortages as directed by said Court.
The referee and the Board of Governors found the conduct of respondent to be in violation of Art. XI, Rule 11.02(4) of the Integration Rule, 31 F.S.A., Canon 11 of the Canons of Professional Ethics, 31 F.S.A., and Rule 1, of the Additional Rules Governing the Conduct of Attorneys in Florida, 31 F.S.A. The Referee recommended that respondent be privately reprimanded. The Board of Governors recommended disbarment.
We have studied the record, heard argument of counsel in the matter and have concluded that the respondent is guilty as charged. Flowever, we conclude that respondent’s misdoing was primarily the result of his negligence in not ascertaining the status of the trust accounts after he purchased his former partner’s interest in the law partnership, and in his failure to adopt and maintain a bookkeeping system under which trust funds of clients would not be commingled with his individual funds. The record does not disclose moral turpitude on the part of respondent, but gross carelessness in the handling of trust funds. There is also to be taken into account in mitigation of respondent’s conduct his physical and mental debilitation which existed for a long period of time after he acquired the full partnership interest. We are of the opinion that disbarment under the circumstances would be unduly harsh. We cannot overlook, however, the wrong that respondent has committed and feel that he should suffer punishment therefor. It is, therefore, the judgment of this Court that respondent be suspended from the practice of law for one year from the filing of this opinion, with the cost of this proceeding in the amount of $340, plus $25 filing fee for this appeal, and until he shall demonstrate to the Board of Governors of The Florida Bar and to this Court that he is entitled to be reinstated to the practice of law in accordance with Art. XI, Rule 11.10 of the Integration Rules. Until he is reinstated by order of this court, respondent *131 shall not directly nor indirectly engage in the practice of law in the State of Florida.
It is so ordered.
DREW, C. J., THOMAS, THORNAL and HOBSON (Ret), JJ., and MASON, ■Circuit Judge, concur.