PER CURIAM.
This case is before the Court on the petition of John G. Enwright, respondent, to review the judgment of the Board of Governors of The Florida Bar that he be disbarred from the practice of law in Florida, and that he pay the actual costs of the proceedings in the amount of $186.20. The judgment was entered by the Board on March 31, 1964.
The referee appointed by the Board to receive the evidence upon the complaint filed below, and to make findings, reported to the Board after an extensive hearing and the receipt of voluminous testimony and documentary evidence that respondent, *585 without authorization from his client, one Henry Dingus, Jr., had transferred trust funds from his trust account to his personal account and used said funds as his own; that despite the client’s repeated requests respondent failed to render an accounting and was at the time of the hearing unable to do so; that the amount of his defalcations was approximately $20,000. The referee further found that respondent had credited certain funds of his said client towards an alleged contingent fee without approval or authority of such client, and that said alleged fee was in excess of the value of his services rendered. The referee found that such conduct on the part of respondent amounted to violation of Canons 11, 12 and 13 of the Canons of Professional Ethics, 31 F.S.A., and recommended that stern disciplinary action, less than disbarment, he inflicted upon respondent. The Board of Governors approved the referee’s findings of fact and ordered respondent’s disbarment.
We have carefully reviewed the record and although there is conflict therein we find the evidence more than ample to sustain the referee’s and the Board’s findings. The main conflict centers around the amount of his client’s funds unaccounted for by respondent. The referee’s difficulty in arriving at the exact amount, and the respondent’s inability to state with exactness the sums of money received and disbursed for account of his client, was due to two things, first, the commingling by respondent of his client’s funds with his personal funds, and second, to inadequate poorly kept records. But the most favorable view from the point of view of respondent reflects his failure to account for some $18,000 to $20,000. He attempts to justify his failure to pay over to his client such sum by claiming that his client owed him fees and collection commissions and business partnership profits in excess of any sums of his client’s admitted to be held by him for the client’s account. Both the referee and the Board concluded that his claims for fees and commissions and profits were not proven by the evidence presented at the hearing, particularly his claim of a contingent fee of $33,000 denied by the client to have been agreed to by him. Our review of the record causes us to concur with the referee and the Board on this issue of fact.
In connection with respondent’s contention that any sums shown to have been received by him for account of his client should be offset by fees and commissions and business profits claimed to be owed to him by the client, we observe that our attention was called by respondent’s counsel in his brief to the pendency of a suit for accounting brought by the client in the Circuit Court of Pinellas County against him. We have held up our decision of this case pending disposition of that suit, being of the opinion that respondent should be allowed the opportunity to sustain his position in that suit by securing a judicial determination of the issue. However, we have been advised by counsel that the suit has been dismissed without prejudice, upon stipulation of the parties thereto. Although such a judicial determination of the issues between respondent and Dingus, the client, would not be determinative of this proceeding for the reason that under Integration Rule 11.02(4), 31 F.S.A. money or other property of a client received by an attorney are not subject to set off for attorney’s fees, the fact that respondent did not press for a decision in the accounting suit is indicative, it appears to us, of his lack of confidence in his claim of offsetting fees, commissions and business partnership profits alleged to be due him.
We therefore conclude, from the record before us, that respondent is guilty of the violations of the Canons as charged against him and also of Integration Rule 11.02(4) and of Rule I of the Additional Rules Governing the conduct of Attorneys in Florida, 31 F.S.A.
In determining the punishment to be imposed upon respondent we take ju *586 dicial knowledge of the fact that he is now under suspension for a period of one year by decision of this Court rendered October 14, 1964, for misconduct of the same general character as that herein charged against him. This case was pending before us at the time of the rendition of that decision and at the time of its consideration we were asked by both parties to consolidate the two cases. However, due to the fact of the pendency of the accounting suit heretofore referred to the outcome of which we were of the opinion might fore-seeably affect our decision herein, we have determined to deal with the two cases separately and independently of each other.
The other case resulting in respondent’s suspension was instituted by the Board of Governors prior to this case and judgment of the Board entered therein prior to the judgment herein. Because of circumstances which are recited in our opinion in the first case, 168 So.2d 129, and which we felt to be mitigating, we limited punishment therein to suspension from the practice of law for one year. However, we find no such mitigating circumstances herein. We are of the opinion that respondent’s misconduct herein was not the result of carelessness, as we found in the first case, but involves moral turpitude on his part in the handling by him of trust funds, and in his refusal to account to his client for monies received by him for the latter’s account. There, respondent’s shortages were due primarily to his lack of familiarity with books of account inherited from his deceased law partner. Here, he contends in the face of overwhelming evidence that there is no amount owed by him to his client. There full restitution was made. Plere, none has been made or offered to be made. Also in this case we cannot overlook the fact that respondent failed and refused to render unto his client an accounting even though repeatedly requested to do so, and that as a last resort the client was forced to complain to the local Bar Grievance Committee. No attitude of confession and repentance is evident herein as was evident in the first case. We can but conclude that there has been a conscious violation by respondent of the confidential and fiduciary relationship existing between him and his client, and that he has by his conduct forfeited his right to be counted among the honest and trustworthy members of the honorable profession of the Law.
It is the judgment of this Court that respondent be and he is disbarred from the practice of law, both directly and indirectly; and he is directed to pay the cost of this proceeding in the amount of $186.20, plus $25 filing fee for this appeal.
It is so ordered.
DREW, C. J., THOMAS, THORNAL and HOBSON (Retired), JJ., and MASON, Circuit Judge, concur.