318 So.2d 385 (1975)
THE FLORIDA BAR, Complainant,
v.
William B. DAWSON, III, Respondent.
No. 46948.
Supreme Court of Florida.
July 24, 1975.
Rehearing Denied September 11, 1975.
S. Thompson Tygart, Jr., Bar Counsel, James T. Terrell, Jr., Assistant Bar Counsel, Jacksonville, and David G. McGunegle, Asst. Staff Counsel, Tallahassee, for complainant.
William A. Hallowes and Edward M. Booth, Jacksonville, for respondent.
PER CURIAM.
Pursuant to Article XI, Rule 11.09(3) of the Integration Rule of The Florida Bar, respondent has petitioned for a review of the report and recommendation of a referee appointed in a Bar disciplinary proceeding. The referee has recommended respondent's disbarment on the grounds that he knowingly received stolen property and knowingly accepted a financial interest in the outcome of a client's litigation. The referee's findings of fact on these two charges essentially show:
1. that respondent repeatedly made monetary advancements to his clients for purposes unrelated to the conduct of their litigation, and if a client's case was lost no effort was made to recover the advancements. Respondent's secretary testified to a "Friday payroll" for a significant number of clients.
2. that respondent received five stolen typewriters, four of which he subsequently purchased, from an admitted thief. Although the thief never told respondent that the typewriters were stolen, the referee found that the price paid was significantly below the market value for like equipment, that the transactions occurred at an unusual hour and location, and that taken together these facts were sufficient to establish that respondent knew or should have known that the merchandise was stolen.
Our independent review of the record on the first charge indicates that there was clear and convincing evidence before the referee to justify his finding that respondent violated Ethical Consideration 5-8 of the Florida Code of Professional Responsibility, which states that a financial interest in the outcome of litigation results if monetary advances are made by a lawyer to his client. The record further substantiates the referee's recommendation that respondent should be disbarred based on his complete inability to comprehend the responsibility of an attorney admitted to practice in this state.[1]
Our independent review of the record on the second charge indicates that there was sufficient evidence to support the referee's *386 findings that respondent knew or reasonably should have known that typewriters brought to his home in the middle of the night were stolen property. Because this finding is based in part on circumstantial evidence, however, we would not be inclined to disbar respondent if this were the only offense with which he had been charged. Taken with the other proven charge, however, we believe the public will best be protected if respondent is denied continued permission to engage in the practice of law in Florida.
The report of the referee is adopted and the recommendation of disbarment is approved.
Accordingly, the respondent William B. Dawson, III is disbarred from the practice of law in Florida.
It is so ordered.
ADKINS, C.J., and ROBERTS, BOYD, OVERTON and ENGLAND, JJ., concur.
NOTES
[1] Respondent was previously disciplined for similar misconduct involving money advances to clients. State v. Dawson, 111 So.2d 427 (Fla. 1959).