328 So.2d 193 (1976)
MILTON KELNER, P.A., a Professional Association, Petitioner,
v.
610 LINCOLN ROAD, INC., d/b/a A. Taylor & Sons, a Florida Corporation, Respondent.
No. 45598.
Supreme Court of Florida.
February 11, 1976.
Rehearing Denied March 30, 1976.
Milton Kelner, Miami, in pro per.
Norman F. Solomon, Miami, for respondent.
OVERTON, Justice.
This cause concerns the method for payment of an attorney employed on a contingency fee contract when he has been discharged without cause.
The Third District Court of Appeal, in its decision in this cause reported at 289 So.2d 12, has certified the following question to us as one of great public interest:
"Whether or not an attorney, discharged without cause by the client when he was to be compensated on a percentage rate upon the happening of a contingency, should be entitled to recover under the terms of the contract or be limited to a quantum meruit recovery?"
We granted certiorari because the issue is one of first impression and is important both to the bar and to the public. We have jurisdiction.[1] Regrettably, the factual situation in the instant case is unique and the question cannot, therefore, be fully answered.
The facts, using the words attorney and client for petitioner and respondent respectively, are as follows.
The client's jewelry store was robbed of approximately $350,000.00 worth of jewelry, of which $150,000.00 was jewelry held on consignment by the client. The loss was covered by an insurance policy issued by Lloyd's of London in the amount of $100,000.00. A private adjuster was initially employed by the client to process the claim with Lloyd's and to effect a settlement of the consignors' claims. The client contended that a settlement was tentatively *194 effected by the adjuster with the consignors whereby they were to receive 60% of the face amount of the policy and the client was to receive 39%, there being a one percent deductibility clause. At trial the consignors' attorneys disputed any agreement to accept 60% of the insurance proceeds at this point in the negotiations. Lloyd's, however, rejected the client's claim, contending the client's records and proofs of loss did not comply with the provisions of the policy. As a result, the client employed the petitioner-attorney on a 40% contingent fee contract which reads as follows:
"AUTHORITY TO REPRESENT
"I, the undersigned client, do hereby retain and employ
 MILTON KELNER, P.A.
 416 Biscayne Building
 19 West Flagler Street
 Miami, Florida 33130
as my attorney, to represent me in my claim against certain underwriters at Lloyd's, London, pursuant to Certificates #T8845A and T8845B for the sum of One Hundred Thousand Dollars ($100,000.00) resulting from a theft and burglary that occurred on the 8/9th day of May, 1971.
"I agree to pay all costs of handling including court costs, accountant's fees, travel expenses, etc. As compensation for their services, I agree to pay my said attorneys from the proceeds of recovery the following fees:
40% of all sums recovered whether by way of settlement, Arbitration or lawsuit
50% if an appeal is taken from the lower court by either side, or if garnishment or any proceeding after judgment has to be brought to collect the judgment or any portion thereof, or if suit is brought after an Arbitration award.
"It is understood and agreed that this employment is upon a contingent fee basis, and if no recovery is made, I will not be indebted to my said attorney for any sum whatsoever as attorney's fees.
"I hereby give my said attorney the exclusive right to take all legal steps to enforce my claim, and I agree not to settle this claim in any manner without the written consent of my attorney.
"DATED this 16 day of September, 1971.
 610 Lincoln Road, Inc. d/b/a
 A. Taylor & Sons
 By /s/ Abe Taylor
 Abe Taylor, President
"The above employment is hereby accepted upon the terms stated therein.
 /s/ Milton Kelner 
 MILTON KELNER, P.A."
The attorney received a $1,000.00 cost deposit. He was also subsequently hired to defend three consignors' suits and received a $750.00 retainer fee for each, or a total of $2,250.00.
The attorney filed suit on behalf of the client against Lloyd's, which before trial agreed to pay the face amount of the policy. The consignors then agreed to accept $60,000.00 for their claims as assessed in their suits. Based thereon, the attorney tendered the settlement along with a final accounting, which specified that the consignors would receive $60,000.00, the attorney would receive $40,000.00, and the client would receive a refund of $3,250.00 representing the cost deposit and retainer fees for the consignor actions. The $1,000.00 deductibility provision in the policy apparently was overlooked in this accounting.
The client rejected this settlement. The record reflects from the testimony before the jury by the petitioner-attorney that the client had demanded 20% under the table without the knowledge of the consignors. It was unrefuted that the client had taken *195 the position that "If I don't get anything, no one gets anything." The client discharged the attorney and employed a substitute attorney who bettered the consignors' settlement by $9,000.00.
The petitioner-attorney brought this action in the circuit court on the contingency contract. The trial court ruled that this was a valid contract, it was not unconscionable, and there was no overreaching, which holding was affirmed by the District Court.
The real issue concerned the computation of the percentage fee. It was the client's contention that the contingency contract required him to pay 40% of $39,000.00 rather than 40% of $100,000.00, as contended by the petitioner-attorney. That issue was submitted to the jury, which resolved the dispute in favor of the attorney.
The following factual and legal conclusions are clearly established in the record: (a) Both the trial court and the District Court found the contingency contract valid and there was no overreaching or unconscionability in its execution; (b) it is uncontroverted that the attorney obtained full recovery of the insurance proceeds under the policy; (c) both the trial court and the District Court found that the attorney was discharged without cause; (d) the jury found that the fee should be computed on the basis of 40% of $100,000.00, as contended by the attorney, rather than 40% of $39,000.00, as contended by the client.
Upon these facts the Third District Court reversed the trial court and held that the attorney was limited to recovery on quantum meruit and was not entitled to recover under the contingent fee contract. As recognized by the District Court, its ruling was contrary to the weight of authority. Tonn v. Reuter, 6 Wis.2d 498, 95 N.W.2d 261; Knoll v. Klatt, 43 Wis.2d 265, 168 N.W.2d 555; Annot., 136 A.L.R. 232, 245 (III)(b), and cases cited therein. The District Court also held that the discharged attorney could only receive his quantum meruit recovery at the time of the successful happening of the contingency to the benefit of the former client rather than at the time of discharge. The District Court cited as authority the newer minority rule as expressed in Fracasse v. Brent, 6 Cal.3d 784, 100 Cal. Rptr. 385, 494 P.2d 9; Martin v. Camp, 219 N.Y. 170, 114 N.E. 46; Ramey v. Graves, 112 Wash. 88, 191 P. 801. Also see the recent decisions in American Trial Lawyers Association v. New Jersey Supreme Court, 126 N.J. Super. 577, 316 A.2d 19 (1974), aff'd 66 N.J. 258, 330 A.2d 350 (1974); Johnson v. Long, 15 Ill. App.3d 506, 305 N.E.2d 30 (1973); and 37 Albany Law Review 364. The Fracasse decision held an attorney discharged with or without cause was entitled to recover only the reasonable value of his services rendered up to the time of his discharge; provided, however, that the cause of action would not accrue until the stated contingency occurred. The facts in Fracasse, are, however, distinguishable from the instant case because the attorney in Fracasse was discharged prior to obtaining the result specified in the contingency contract. In the instant case the attorney was discharged without cause after he procured 100% of the proceeds from the insurer, Lloyd's.
The Third District expressed the view that if an attorney is allowed to recover under the contingency contract rather than upon a quantum meruit theory, the practical application "would have a `chilling' effect on a client exercising his right to discharge an attorney, because he might be liable for fees to the discharged attorney even though he made no recovery on his original claim."
We might agree with this holding if the maximum recovery from the insurance company had not been obtained at the time of the discharge. We recognize that the settlement of the consignors' claims is interwoven with the representation to recover *196 the proceeds of the insurance policy. The attorney was, however, paid separately to represent the client in the consignors' actions. Under the peculiar circumstances of this case, where the proceeds of the insurance policy were fully recovered and the real issue of how the contingency fee was to be computed was settled by a jury, we will not disturb the verdict and restrict the computation of the attorney's fee to quantum meruit. We do agree with the District Court that Goodkind v. Wolkowsky, 132 Fla. 63, 180 So. 538 (1938), applies to a fixed fee contract and does not establish precedent for contingent fee contracts.
Quantum meruit may well be the proper standard when the discharge under a contingent fee contract occurs prior to the obtaining of the full settlement contracted for under the attorney-client agreement, with the cause of action accruing only upon the happening of the contingency to the benefit of the former client. That issue, however, is not factually before us and we do not make that determination in this cause.
In accordance with the final settlement submitted by the petitioner-attorney to the client, the client is entitled to a refund of unexpended costs and the retainer fees as presented in the final accounting by the petitioner-attorney.
The decision of the Third District Court is quashed. The cause is remanded with directions to (a) reinstate the verdict and judgment of the trial court, (b) require an accounting for the costs expended, and (c) require a refund of the retainer fees for the consignor actions.
It is so ordered.
ADKINS, C.J., and ROBERTS, BOYD, ENGLAND and SUNDBERG, JJ., concur.
NOTES
[1] Article V, Section 3(b) (3), Florida Constitution.