HAVERFIELD, Chief Judge.
Defendant, Town of Medley, appeals a $3,214 final judgment entered pursuant to a directed verdict for the plaintiff-attorneys in an action for breach of a contingency fee agreement.
The Town entered into a contingency fee agreement, which subsequently was amended, with the plaintiffs, Leonard Kimball and co-counsel Hilton Carr and Herbert Warren, to represent it in the prosecution of its claim for damages against Frank Solomon, a former Town attorney. The agreement, as amended, the subject of the present action, provided that plaintiffs as compensation for their services would receive 33V3% of the gross proceeds of recovery before verdict; 40% of the gross proceeds of recovery after verdict. On the day of trial, a settlement agreement was reached whereby Solomon would pay the Town $25,000 and execute a promissory note in favor of the Town in the sum of $85,000 payable in three annual installments. Upon receipt of the first two of Solomon’s payments, plaintiffs retained Vs thereof as their fee and forwarded the balance to the Town pursuant to the terms of the agreement. Solomon did not make the final payment on time and only remitted a portion thereof, leaving a balance of $9,502.56. Subsequently, plaintiffs filed suit on behalf of the Town seeking recovery of this balance. While the suit was pending, the Town dismissed the plaintiffs and retained new counsel who obtained a default judgment for $10,819.96 (which included a $1,100 attorney’s fee and interest) and eventually satisfaction of the judgment by Solomon. Plaintiffs then demanded the Town pay them $3,606.65 under the contingency fee agreement which plaintiffs contended entitled them to Vs of all the proceeds of the money represented by the promissory note. The Town refused arguing that plaintiffs were entitled under the agreement to Ms of the monies actually collected and inasmuch as they were discharged before collection of the remaining outstanding balance under the promissory note, they were only entitled to a reasonable attorney’s fee. Plaintiffs instituted the present breach of contract action. At the close of all the evidence, the trial court directed a verdict in plaintiffs’ favor and entered a judgment for $3,214.26. This appeal ensued.
The Town, in essence, is contending that the court erred in directing a verdict for plaintiffs because the contingency fee agreement is ambiguous and under the circumstances, plaintiffs are only entitled to a reasonable fee. We cannot agree.
In reviewing the agreement, we find the language to be clear, concise and unambiguous and the trial court properly exercised its duty in giving effect to the terms thereof. See Paddock v. Bay Concrete Industries, Inc., 154 So.2d 313 (Fla. 2d DCA 1963). The agreement clearly entitles plaintiffs to V3 of the gross proceeds of recovery before verdict. Recovery is defined therein as:
*1147 “. . . the total gross amount of any and all monies, property and compensation of any and every kind whatsoever realized or received by the client for his claim, whether realized as the result of settlement or litigation or otherwise; [Emphasis Supplied]
When Solomon and the Town reached a settlement on the first day of trial, plaintiffs, under the terms of the amended contingency fee agreement, then became entitled to Va of the gross amount of the settlement. Cf. Milton Kelner, P. A. v. 610 Lincoln Road, Inc., 328 So.2d 193, 196 (Fla. 1976). We therefore, must reject the Town’s contention that under the agreement, plaintiffs were entitled only to Vs of the money actually collected by virtue of the paragraph authorizing plaintiffs to deduct and retain their fee out of the proceeds of the final recovery and to remit the balance to the Town. That paragraph at most only determined a means of payment, not the actual total amount of compensation.
Affirmed.