HOBSON, Judge.
This appeal arises out of a dispute as to attorney fees payable to plaintiff King’s attorneys under a contingent fee contract. The lower court entered its order determining that the contingent fee contract was a valid and binding contract and that the attorneys were entitled to 40% of any set *728 tlement or recovery. The ultimate recovery was the amount of $9,000, 40% of which the lower court awarded as attorney fees. This order is the order on appeal. We affirm in part and reverse in part.
The lower court correctly found that the contingent fee contract was valid and binding. In order to determine whether or not the ultimate amount of $9,000 was the correct amount upon which to base the fee, we must set forth the facts.
Mr. King’s attorneys negotiated a settlement of $8,000. Mr. King, as well as his parents, accepted the $8,000 settlement, but prior to the disbursement of the funds Mr. King consulted with another attorney. At this point there arose a dispute as to the disbursement of the funds and the first attorneys filed a motion for disbursement of funds. After the filing of said motion Mr. King informed his first attorneys that he was discharging them without cause.
The first attorneys then filed a motion to withdraw as counsel for Mr. King and for a charging lien for their fees. The court entered its order granting the first attorneys the right to withdraw and a charging lien for the fees to the extent of either 40% of the first $8,000 derived in settlement or trial or the reasonable value of services performed by the said attorneys, such value to be determined by the court at a future proceeding.
Mr. King’s second attorney then filed a motion to determine the amount of the charging lien. Approximately twelve days after filing said motion the second attorney filed an amended motion, at which time he challenged the validity of the contingent fee contract. Thereafter the court entered the order appealed.
As to the amount of the attorney fees, the second attorney takes the position that the first attorneys were only entitled to a reasonable fee based on quantum meruit and relies on Milton Kelner, P.A. v. 610 Lincoln Road, Inc., 328 So.2d 193 (Fla.1976), wherein it was held:
“Quantum meruit may well be the proper standard when the discharge under a contingent fee contract occurs prior to the obtaining of the full settlement contracted for under the attorney-client agreement, with the cause of action accruing only upon the happening of the contingency to the benefit of the former client.” 328 So.2d 193 at 196.
Mr. King had agreed to the $8,000 settlement and it was subsequent to and not prior to his agreement to the settlement that he advised his first attorneys that he was discharging them.
Under these facts we hold that the attorney fee should not be based on quantum meruit but should be based on the contingent fee contract. Even though Mr. King agreed to accept the $8,000 which his first attorneys had negotiated as a settlement, he received an additional $1,000 through the efforts of his second attorney.
Therefore, we affirm the order appealed with the exception that the first attorneys are only entitled to 40% of $8,000.
AFFIRMED in part and REVERSED in part.
GRIMES, C. J., and DANAHY, J., concur.