445 So.2d 1065 (1984)
KOPPLOW & FLYNN, P.A., Appellant,
v.
David P. TRUDELL, Appellee.
No. 83-1544.
District Court of Appeal of Florida, Third District.
February 14, 1984.
As Modified on Denial of Rehearing March 19, 1984.
*1066 Joe N. Unger, Highsmith, Strauss & Glatzer, Miami, for appellant.
Ellis Rubin, Naples, and S. Richard Kaplan, Miami, for appellee.
Before HENDRY, BASKIN and JORGENSON, JJ.
BASKIN, Judge.
David Trudell was severely injured when the motorcycle he was driving was involved in an accident with a truck belonging to Florida Power & Light Company [FP & L]. He retained the law firm of Kopplow & Flynn, P.A. [Kopplow] under a standard 40% contingent fee agreement to represent him in his claim against FP & L. Kopplow provided Trudell, who appeared emotionally unstable, with financial assistance to enable him to live near Jackson Memorial Hospital during the period of his rehabilitation. Kopplow also provided emotional support. Trudell was eventually evicted from his lodgings and neither Kopplow nor Trudell's family was able to locate him; nevertheless, Kopplow continued settlement negotiations with FP & L, obtaining an offer of $2,000 a month, $340,000 in periodic payments, and $350,000 up-front money.
Subsequently, Kopplow was informed by Trudell that Trudell had retained the law firm of Ellis Rubin, P.A., and was living in a rooming house adjacent to Ellis Rubin's law office. Neither Trudell's family nor Kopplow was able to see Trudell alone. Kopplow spoke to Trudell in Rubin's presence and advised him of FP & L's offer, recommending that the offer be rejected because Kopplow believed he could obtain a better settlement. When Kopplow declined to work with Rubin, Rubin became counsel of record, eventually obtaining an offer in the same form as the offer obtained by Kopplow but approximately 10% or $230,000 larger. After discharging Kopplow, Trudell proposed that Rubin receive 25% of the legal fee and Kopplow receive 75% of *1067 the legal fee. Kopplow declined and filed suit to obtain the entire contingent fee. Following the trial court's determination that the appropriate measure of recovery was in quantum meruit, and that Kopplow was entitled to the sum of $160,000, Kopplow filed this appeal. We affirm.
Kopplow contends that because he had completed all the work necessary to produce the contingent fee to which Trudell had originally agreed, he was entitled to the entire legal fee, or 40% of the recovery.
The issue presented by this appeal was decided by the Supreme Court of Florida in Rosenberg v. Levin, 409 So.2d 1016 (Fla. 1982). In that case the court addressed the question of the fee to which a discharged attorney is entitled when he was engaged by the client under a contingent fee arrangement. The court held that because clients must be free to discharge their attorneys without incurring excessive fee obligations, the proper rule to be applied in determining the fee is the quantum meruit rule limited by the contract price. Thus, appellant, who obtained a settlement offer which was rejected by the client on its advice, may not demand as a fee the full percentage to which it would have been entitled under the contingent fee contract even though the successor attorney negotiated a settlement similar in format, but approximately 10% greater in amount. See Milton Kelner, P.A. v. 610 Lincoln Road, 328 So.2d 193 (Fla. 1976).
The trial court found, as a matter of fact, that the contingency had not occurred before Kopplow was discharged. Because that finding is supported by competent substantial evidence, it may not be disturbed on appeal. See Hiestand v. Geier, 396 So.2d 744 (Fla. 3d DCA), review denied, 407 So.2d 1103 (Fla. 1981).
We find no merit in appellant's contention that the trial court was required to grant its motion for recusal on the ground that a partner in the law firm of one of the expert witnesses provided the judge with legal services in an unrelated case. See In re Estate of Carlton, 378 So.2d 1212 (Fla. 1979); The Florida Judges Manual, § 3.19, (Office of the State Courts Administrator) (1981); Opinion of Committee on Standards of Conduct Governing Judges # 79-2.
Affirmed.
JORGENSON, Judge, specially concurring.
I agree, for the reasons advanced in Judge Baskin's opinion, that an affirmance in this case is the appropriate result. I write separately only to point out that our affirmance should not be read as an approval of the conduct of either of the lawyers involved in this litigation. Fee disputes are always distasteful and under the circumstances of this case are repugnant.
Although it is appropriate for a lawyer to advance certain monies for the cost of litigation, it is never appropriate for a lawyer to advance financial assistance to a client in the manner outlined in the majority opinion. See The Florida Bar v. Rogowski, 399 So.2d 1390 (Fla. 1981); The Florida Bar v. Dawson, 318 So.2d 385 (Fla.), cert. denied mem., 423 U.S. 995, 96 S.Ct. 422, 46 L.Ed.2d 369 (1975); The Florida Bar v. Rhubottom, 132 So.2d 395 (Fla. 1961); The Florida Bar v. Dawson, 111 So.2d 427 (Fla. 1959); Fla. Bar Code Prof. Resp. EC 5-7, 5-8, DR 5-103(B); see also Fla. Bar Professional Ethics Comm., Op. 65-39 (1965) (a lawyer may not ethically lend or advance living expenses to clients during the pendency of personal injury actions even though the client is injured and cannot work). This may be the case that Justice Overton had in mind when, in authoring Rosenberg v. Levin, 409 So.2d 1016 (Fla. 1982), he suggested that "[t]here should, of course, be a presumption of regularity and competence in the performance of the services by a successor attorney," id. at 1022.
HENDRY and BASKIN, JJ., join in the special concurrence.