Esmat ZAKLAMA, M.D.,
Plaintiff–Appellant,

v.

MOUNT SINAI MEDICAL CENTER, Gardana & De La Puente, P.A., a Florida Professional Association, Robert Gardana, Cesar De La Puente, Vidal Velis, and Mark A. Levine,[1] Defendants–Appellees.

No. 89–5110.

United States Court of Appeals, Eleventh Circuit.

July 24, 1990.

---

1. We note that the style of this case is incorrect, but we have retained it for the reasons stated hereinafter. There are two related cases pending in the Southern District of Florida before the same district judge. The first, *Zaklama v. Mount Sinai Medical Center*, No. 82–2134–CIV–KLR (S.D.Fla. filed Oct. 7, 1982) (*Zaklama I*), involves the claims by the plaintiff-appellant doctor against the subject hospital and is the case from which this appeal and a companion appeal, *Zaklama v. Mount Sinai Medical Center*, 906 F.2d 645 (11th Cir.1990), have been taken. The second district court case, *Zaklama v. Gardana & De La Puente, P.A.*, No. 88–2017–CIV–KLR (S.D.Fla. filed Oct. 27, 1988) (*Zaklama II*), concerns the plaintiff-appellant doctor's claims against the attorneys who have represented him in his case against the hospital, *Zaklama I*. This appeal, No. 89–5110, more appropriately should have been taken from *Zaklama II*, since this appeal involves an attorneys' fee award under a contingency fee contract to Gardana & De La Puente, P.A., which is not a party to *Zaklama I*.

The district court, however, entered similar orders in *Zaklama I* and *Zaklama II* awarding recovery proceeds to Zaklama and to Gardana & De La Puente, P.A., pursuant to their contingency fee agreement.

The parties have combined the defendants-appellees in *Zaklama I* and *Zaklama II* in the caption of this appeal, No. 89–5110. Since both appeals, Nos. 88–6195 and 89–5110, have been taken from *Zaklama I*, the record in that case is the only record available to this court for appellate review. The parties have included in their record excerpts for this appeal, No. 89–5110, the transcript of a relevant district court hearing on January 25, 1989, in *Zaklama II*. Because the parties have incorporated a portion of the record from *Zaklama II*, which is not on appeal, we clarify that we consider our resolution of this appeal, No. 89-5110, in *Zaklama I* equally applicable to *Zaklama II*, in order to prevent a subsequent appeal in that case on the same issue.

Kenneth A. Friedman, Law Offices of Baldwin & Friedman, North Miami Beach, Fla., for plaintiff-appellant.

Robert L. Gardana, Miami, Fla., pro se.

Christopher Lynch, Miami, Fla., for Mount Sinai Medical Center.

Neale J. Poller, Hall, Poller & O'Brien P.A., Miami, Fla., for Gardana.

---

Before FAY and JOHNSON, Circuit Judges, and GIBSON *, Senior Circuit Judge.

PER CURIAM:

This case presents the question of whether attorneys are entitled to their proceeds under a contingency fee contract, when they have been discharged by the client after obtaining the relief sought. The district court awarded the attorneys their fees pursuant to their contingency fee contract from the executed judgment in the case and deducted the amount paid to a subcontractor for assistance in preparing the appellate brief. Finding that the attorneys had secured the relief that they were contracted to obtain and that the district court ordered payment in accordance with their contingency fee contract minus payment for work that the attorneys did not perform, we affirm.

## BACKGROUND

On May 2, 1985, plaintiff-appellant Esmat Zaklama, an Egyptian anesthesiologist, signed a contingency fee agreement with defendant-appellee Gardana & De La Puente, P.A. (G & D) to represent him in his employment discrimination suit against Mount Sinai Medical Center (Mount Sinai) for his dismissal from the residency program at that hospital.[2] That contingency fee contract provided that G & D was to receive fifty percent of the recovered proceeds if an appeal was taken by either side. After reviewing the parties' appellate briefs and studying the record, this court reversed the district court's grant of judgment notwithstanding the verdict and remanded for entry of the jury verdict in Zaklama's favor. *Zaklama v. Mt. Sinai Medical Center*, 842 F.2d 291, 296 (11th Cir.1988).

---

\* Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

**2.** A detailed factual account of Zaklama's litigation can be found in *Zaklama v. Mt. Sinai Medi-cal Center*, 842 F.2d 291 (11th Cir.1988), and the pertinent subsequent procedure regarding Zaklama's quest for attorneys' fees in the companion appeal, *Zaklama v. Mount Sinai Medical Center*, 906 F.2d 645 (11th Cir.1990).

On May 12, 1988, the district court entered an order in accordance with the jury verdict and awarded Zaklama $135,000.00 in compensatory and punitive damages plus interest. Mount Sinai satisfied the final judgment, and G & D attempted to place the proceeds of $159,624.29 in a special account with interest accruing in favor of Zaklama and with G & D as trustee. Thereafter, a dispute ensued between G & D and Zaklama, who refused to endorse the check for the proceeds. G & D filed a charging lien for their attorneys' fees under the contingency fee contract. Zaklama subsequently discharged G & D and hired another attorney to represent him. The district court granted Zaklama's motion to deposit the proceeds in the court registry, where no interest accrued, pending resolution of the dispute between Zaklama and G & D over distribution of the funds.

The district court conducted two hearings addressing the entitlement of G & D to their percentage of the proceeds pursuant to the contingency fee agreement. At the hearing on October 28, 1988, the district court stated regarding the contingency fee contract that "[i]t seems to me it is very clear they have a contract at .50 percent." R7–14. At a subsequent hearing on January 25, 1989, the district court was informed of the use of a subcontractor to assist in preparing the appellate brief in Zaklama's discrimination case. Since there was no dispute over the $4,000.00 amount paid to the subcontractor, the district court stated that it would subtract that amount from G & D's percentage of the recovery under the contingency fee contract.[3] Also on January 25, 1989, the district court entered an order directing payment of $75,-812.14 to G & D and $83,812.15 with accrued interest to Zaklama. From this final order, pursuant to 28 U.S.C. section 1291, Zaklama appeals the district court's payment to G & D in accordance with their contingency fee contract because he con-

tends that G & D is entitled only to quantum meruit since the litigation is ongoing, exemplified by this appeal and the companion attorneys' fee appeal, *Zaklama v. Mount Sinai Medical Center*, 906 F.2d 645 (11th Cir.1990). Additionally, Zaklama has charged G & D with breach of fiduciary duty for obtaining the proceeds without his knowledge or permission, loss of interest on the judgment, and malpractice for failing to file a timely motion for attorneys' fees.

## ANALYSIS

■ Contract interpretation, generally a question of law, is subject to *de novo* review on appeal. *Gibbs v. Air Canada*, 810 F.2d 1529, 1532 (11th Cir.1987); *Brewer v. Muscle Shoals Bd. of Educ.*, 790 F.2d 1515, 1519 (11th Cir.1986) (per curiam). The rights and obligations of parties to a contract, which provides attorneys' fees upon the happening of a contingency, are governed by state law. *See LeLaurin v. Frost Nat'l Bank*, 391 F.2d 687, 690 (5th Cir.), *cert. denied*, 393 U.S. 979, 89 S.Ct. 447, 21 L.Ed.2d 440 (1968). Because the terms of the contingency fee contract between Zaklama and G & D are unambiguous and undisputed in this case, we confine our analysis to the occurrence of the contracted contingency in order to determine G & D's entitlement to their contracted attorneys' fees under Florida law.

■ The Supreme Court of Florida has held that an attorney, employed under a valid contingency fee contract and discharged without cause before the contingency has occurred, is entitled to fees based on quantum meruit. *Rosenberg v. Levin*, 409 So.2d 1016 (Fla.1982); *see, e.g., Schwartz, Gold & Cohen, P.A. v. Streicher*, 549 So.2d 1044 (Fla.Dist.Ct.App.1989); *Kirshenbaum v. Hartshorn*, 539 So.2d 497 (Fla.Dist.Ct.App.), *review denied*, 547 So.2d

---

**3.** At the hearing on January 25, 1989, the district court made the following determination regarding the percentage of the recovered proceeds to which G & D was entitled under the contingency fee contract with Zaklama minus the $4,000.00 paid to a subcontractor for assistance in preparation of Zaklama's appellate

brief in his discrimination case: "There was a contract. The contract was 50 percent after an appeal. It was valid at the time the contract was made. The lawyers are entitled to that less the $4,000." Record Excerpts at 54 (This hearing occurred in *Zaklama II*. *See supra* note 1).

1210 (Fla.1989); *Kopplow & Flynn, P.A. v. Trudell*, 445 So.2d 1065 (Fla.Dist.Ct.App.), *review denied*, 453 So.2d 44 (Fla.1984). Even when the contingency has occurred almost at the time of the attorney's discharge, the *"Rosenberg* rule" has been applied strictly to limit the attorney's awarded fee to quantum meruit. *Trend Coin Co. v. Fuller, Feingold & Mallah, P.A.*, 538 So.2d 919, 921 (Fla.Dist.Ct.App.1989); *see, e.g., Schwanebeck v. Calzado*, 524 So.2d 478 (Fla.Dist.Ct.App.1988) (per curiam); *Barton v. McGovern*, 504 So.2d 457 (Fla.Dist.Ct.App.1987); *Blanton v. Blanton*, 413 So.2d 453 (Fla.Dist.Ct.App.1982). In contrast, the occurrence of the contingency prior to discharge of the attorney entitles that attorney to his stated fees pursuant to the contingency fee contract as opposed to quantum meruit. *See, e.g., Milton Kelner, P.A. v. 610 Lincoln Road, Inc.*, 328 So.2d 193 (Fla.1976); *King v. Nelson*, 362 So.2d 727 (Fla.Dist.Ct.App.1978); *Town of Medley v. Kimball*, 358 So.2d 1145 (Fla.Dist.Ct.App.1978). Although the client may reject the proceeds obtained, thereby causing himself loss of interest, the attorney, who has obtained the contracted contingency, is entitled to his stated fees under the contingency fee contract and not quantum meruit. *See Milton Kelner*, 328 So.2d at 194, 196.

In this case, G & D obtained for Zaklama the relief that he sought in his employment discrimination case following an appellate decision from this court. G & D received full recovery of the judgment proceeds from Mount Sinai before being discharged by Zaklama. G & D, therefore, had performed all that they were contracted to achieve pursuant to their contingency fee agreement with Zaklama before he discharged them. Furthermore, the district court deducted the $4,000.00 amount paid by Zaklama to an outside contractor for assistance in preparing the appellate brief,

and there has been no dispute that this amount is accurate.

■ Whether Zaklama has grounds for a malpractice or negligence case in state court is irrelevant to this appeal.[4] Our contractual examination of the contingency fee agreement between Zaklama and G & D has shown that G & D did all that was required of them in order to recover their percentage of the judgment proceeds. Zaklama received all to which he was entitled under the contingency fee agreement and any forfeited interest was caused by his own obstinacy. There was no need for the district court to conduct an additional hearing.

■ While Zaklama has chosen to dispute the funds disbursed by the district court to G & D for their services pursuant to the contingency fee contract, we observe that Zaklama has taken the proceeds awarded to him by the district court in the same order which he contests, rather than leaving his proceeds in the registry of the court or offering to return them pending our ruling. Zaklama's attempt to renege on a valid contingency fee agreement is reprehensible and this appeal is without merit. The district court's award to G & D for completed services before their discharge is in accord with Zaklama's responsibilities under the contingency fee agreement. A client may not accept the benefits of a valid contingency fee contract and subsequently contest his obligations thereunder. *See Davis v. Wakelee*, 156 U.S. 680, 691, 15 S.Ct. 555, 559, 39 L.Ed. 578 (1895); *Livesay Indus., Inc. v. Livesay Window Co.*, 202 F.2d 378, 382 (5th Cir.), *cert. denied*, 346 U.S. 855, 74 S.Ct. 70, 98 L.Ed. 369 (1953).

AFFIRMED.

---

4. We note that G & D was authorized to give Mount Sinai a satisfaction of judgment for the check tendered by the hospital in full payment of the judgment. *See State ex rel. Ben Hur Life Ass'n v. City of Hialeah*, 130 Fla. 375, 177 So. 712, 713 (1937) ("[A]n attorney may receive moneys due his client on a judgment and may satisfy the same."); *Garner v. I.E. Schilling Co.*, 128 Fla. 353, 174 So. 837, 838–39 (1937). Furthermore, Mount Sinai could have instituted a civil action compelling Zaklama to execute a satisfaction, and he would have been subject to criminal penalties had he refused to do so. Fla. Stat. § 701.05 (1989).