659 So.2d 1200 (1995)
LAW OFFICES OF THEODORE GOLDBERG and Carlos and Peidad Pachon, Appellants,
v.
FAZIO, DAWSON, DiSALVO, CANNON, ABERS & PODRECCA, Appellee.
No. 95-531.
District Court of Appeal of Florida, Third District.
August 23, 1995.
Rehearing Denied September 27, 1995.
*1201 Theodore M. Goldberg; Dittmar & Hauser and Helen Hauser, Coconut Grove, for appellants.
Fazio, Dawson, DiSalvo, Cannon, Abers & Podrecca and Adolfo Podrecca, Fort Lauderdale, for appellee.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
SCHWARTZ, Chief Judge.
The plaintiffs in a personal injury case and their successor attorney appeal from a judgment awarding a forty percent contingency fee to their initial lawyer. We reverse.
It is apparent that the appellee was fired well prior to any "recovery" for the personal injury action  which was the basis of the contingency fee agreement  and that it was the new lawyer who effected the payment of the policy limits by the tortfeasors' insurance company along with a sum from the defendants themselves and the disposition of the PIP and other claims. Since the pertinent contingency did not occur, it was entirely erroneous to enforce the contingency fee agreement. See Rosenberg v. Levin, 409 So.2d 1016 (Fla. 1982); Barwick, Dillian & Lambert, P.A. v. Ewing, 646 So.2d 776 (Fla. 3d DCA 1994), review denied, 659 So.2d 271 (1995); Sohn v. Brockington, 371 So.2d 1089 (Fla. 1st DCA 1979), cert. denied, 383 So.2d 1202 (Fla. 1980). Kopplow & Flynn, P.A. v. Trudell, 445 So.2d 1065 (Fla. 3d DCA 1984), pet. for review denied, 453 So.2d 44 (Fla. 1984) is closely on point. See also Trend Coin Co. v. Fuller, Feingold and Mallah, P.A., 538 So.2d 919 (Fla. 3d DCA 1989). Milton Kelner, P.A. v. 610 Lincoln Road, Inc., 328 So.2d 193 (Fla. 1976) and King v. Nelson, 362 So.2d 727 (Fla. 2d DCA 1978), in both of which the specific contingency had already occurred before the discharge, are not. Hence, the appellee law firm is entitled only to a quantum meruit recovery which should be determined after remand considering the "totality of the circumstances surrounding the professional relationship." Rosenberg, 409 So.2d at 1022; see Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Poletz, 652 So.2d 366 (Fla. 1995); Baker Protective Servs. v. FP Inc., 659 So.2d 1120 (Fla. 3d DCA 1995); Trend Coin Co., 538 So.2d at 919; Stabinski, Funt & De Oliveira, P.A. v. Law Offices of Frank H. Alavarez, 490 So.2d 159 (Fla. 3d DCA 1986), review denied, 500 So.2d 545 (Fla. 1986). We point out that, in fixing the quantum meruit amount, the trial court should consider that some aspects of the appellee's handling of the case may have actually disadvantaged the clients. See Searcy, 652 So.2d at 366, 369 n. 5; Riesgo v. Weinstein, 523 So.2d 752 (Fla. 2d DCA 1988).[1]
*1202 It should also be noted that since the successor lawyer, the appellant Goldberg, also has a quantum meruit claim against the clients it may be necessary that they obtain new counsel in any further proceedings below. See Perez v. George, Hartz, Lundeen, Flagg & Fulmer, ___ So.2d ___, ___ [1995 WL 366680] (Fla. 3d DCA Case no. 94-1048, opinion filed, June 21, 1995) [20 FLW D1437, D1438].
Reversed and remanded with directions.
NOTES
[1] We have considered, but rejected, the possibility that the appellee's alleged derelictions were serious enough to deprive it of a fee entirely. See Searcy, Denney, Scarola, Barnhart & Shipley, P.A., 629 So.2d 947 (Fla. 4th DCA 1993), review denied, 649 So.2d 870 (Fla. 1994). Compare Spence, Payne, Masington & Grossman, P.A. v. Philip M. Gerson, P.A., 483 So.2d 775 (Fla. 3d DCA 1986), review denied, 492 So.2d 1334 (Fla. 1986); Jackson v. Griffith, 421 So.2d 677 (Fla. 4th DCA 1982).