783 So.2d 1160 (2001)
FRANK J. PEPPER, INC., a Florida corporation, and Frank J. Pepper, Jr., Appellants,
v.
Edward C. VINING, Jr., Appellee.
No. 3D00-1628.
District Court of Appeal of Florida, Third District.
April 18, 2001.
Rehearing Denied May 16, 2001.
*1161 Sacher, Zelman, Van Sant, Paul, Beiley, Hartman & Waldman and Glen H. Waldman, Miami, for appellants.
Edward C. Vining, Jr., in proper person.
Before LEVY, GREEN, and RAMIREZ, JJ.
PER CURIAM.
This is an appeal and cross-appeal from a Final Judgment, and several related Orders, awarding attorney fees to Edward Vining, Jr. ("Vining") for legal services rendered to Frank J Pepper, Inc. and Frank J. Pepper, Jr. (collectively, "Pepper"). Pepper contends that the fee award to Vining was error, or alternatively, that the fee award was excessive. On cross-appeal, Vining contends that the fee award was insufficient and that the trial court erred in striking Vining's fees expert witness. We reverse in part and affirm in part.
Vining, an attorney, and Pepper, a real estate businessman, were office neighbors for a number of years. In 1996, Pepper was sued for unpaid real estate commissions (the Campbell suit) and after an informal conversation, Vining began responding to and defending the claims against Pepper. No written contract was executed between the parties for Pepper's representation. In 1998, Vining was suspended from the practice of law and withdrew from the representation of Pepper's case. As a result, Pepper hired another attorney, Burt Redlus, to represent him in the Campbell suit and paid him a $5,000 retainer fee. Vining subsequently presented Pepper with a $25,000 summary bill for his services. After not receiving payment from Pepper, Vining instituted the instant suit against Pepper seeking $42,402.50 in attorney's fees plus costs, claiming Breach of Contract, Quantum Meruit, and/or Unjust Enrichment. The case was referred to a General Master for trial.
After trial, the General Master found that there was no oral agreement between the parties and accordingly entered judgment for Pepper on the Breach of Contract claim. However, the General Master found that Vining was entitled to fees based on either his Quantum Meruit or Unjust Enrichment claims. Subsequently, the fee amount aspect was tried before the same General Master. Vining introduced his time records into evidence, as well as an attorney's fee expert, Keith Merrill. At the end of Vining's case, Pepper moved to *1162 strike Vining's expert and for a Directed Verdict as to the remaining claims. Pepper's Motion to Strike was predicated on the argument that Vining's expert improperly based his fee opinion on the lodestar method set out in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985)[1], as opposed to the totality of the circumstances method required in Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Poletz, 652 So.2d 366 (Fla. 1995). The Directed Verdict was based on the contention that if the expert's testimony was struck, Vining could not meet his evidentiary burden. The trial court reserved ruling on both motions. Consequently, Pepper moved forward with his case and introduced the testimony of his own fee expert who testified that a reasonable fee for Vining's services was $11,000. Pepper's expert also testified that the $5,000 retainer Pepper paid new counsel should be setoff. Accordingly, the expert opined, Vining should be awarded a $6,000 fee.
At the close of Pepper's case, Pepper renewed the Motion to Strike and the Motion for Directed Verdict. The General Master struck Vining's expert testimony finding that it was based on an improper predicate; that is to say, that Vining's expert based his fee opinion on the Rowe lodestar approach. Additionally, the General Master entered a Directed Verdict as to the Quantum Meruit claim, thereby leaving only the Unjust Enrichment claim.
After viewing all the evidence, including Pepper's fees expert witness testimony, the General Master recommended that Final Judgment be entered for Vining in an amount of $17,000. Accordingly, the trial court entered Final Judgment against Pepper for $17,000. Pepper appeals the Final Judgment. Vining cross-appeals the Final Judgment and the Order striking his fees expert witness. For the following reasons, we reverse the Final Judgment to the extent that it grants Vining $17,000 in fees, but affirm an actual award of fees and the denial of Pepper's request for a set-off. Additionally, we affirm the Order striking Vining's fee expert.
In Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Poletz, 652 So.2d 366 (Fla. 1995), the Supreme Court of Florida set out the proper criteria for determining the Quantum Meruit recovery of an attorney discharged without cause prior to resolution of the client's case.[2]Cf., Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985); see also Rosenberg *1163 v. Levin, 409 So.2d 1016 (Fla.1982). Poletz recognized that the Rowe /lodestar method is "ill-suited" for assessing attorney's fees as a result of a breach of an agreement for fees because "it does not allow for consideration of `the totality of the circumstances surrounding the professional relationship.'" Poletz, 652 So.2d at 368-69. Under the Poletz standard, the court must consider several factors in determining a quantum meruit award, taking into account the value of the services to the client. The Poletz Court recognized that the time reasonably devoted to the representation and a reasonable hourly rate, are factors to consider when determining a proper award. Additionally, the Court recognized that several other factors provide guidance in determining a reasonable fee, including the time and labor required, the novelty, complexity and difficulty of the issues involved, the likelihood that acceptance of the case will preclude other employment, the customary rate charged in the locality, the significance of or amount involved in the representation and result obtained, special demands or time limitations, the nature and length of the professional relationship with the client, the reputation and experience of the attorney, and whether the fee is fixed or contingent. See Poletz, 652 So.2d at 369 n. 4. In addition to these factors, which are akin to the Rowe factors, the court must "consider any other factors surrounding the professional relationship" including, the fee agreement, the reason the attorney withdrew or was discharged, actions taken by either party before or after the discharge, and the benefit conferred on the client. See Poletz, 652 So.2d at 369.
In the instant case, the trial court struck Vining's fees expert's testimony on the basis that the criteria upon which he based his opinion was improper in light of Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Poletz, 652 So.2d 366 (Fla. 1995). As part of his case in chief, Vining advanced the testimony of Keith Merrill as his fees expert witness. During cross-examination, Merrill acknowledged that he used the Rowe /lodestar approach as a basis for his fee opinion. Having reviewed the Record on appeal, we find that Merrill's opinion was properly stricken as he failed to consider the factors enunciated in Poletz.
Pepper's next argument is based on the well-settled point that a fee award must be supported with expert testimony. See Brake v. Murphy, 736 So.2d 745 (Fla. 3d DCA 1999); Yakubik v. Board of County Commissioners of Lee County, 656 So.2d 591 (Fla. 2d DCA 1995). Pepper argues that without the expert's testimony Vining cannot meet his evidentiary burden and accordingly, any fee award to Vining is improper. We recognize that expert testimony is necessary for a fee award. However, in the instant case, although Vining's expert witness was properly struck, the trial court could still consider the testimony of Pepper's expert in assessing a fee award in favor of Vining. See 6551 Collins Avenue Corp. v. Millen, 104 So.2d 337, 342 (Fla.1958) (holding that when a defendant proceeds with the presentation of his evidence after a trial judge reserves ruling on a defense Motion for Directed Verdict at the close of the plaintiff's case, the court's ruling on the renewed motion must be based on a consideration of all the evidence presented.); see also Gulf Heating & Refrigeration Co. v. Iowa Mutual Ins. Co., 193 So.2d 4 (Fla.1966). Upon returning to the reserved Motion for Directed Verdict and Motion to Strike, because Pepper presented a defense, the trial court was able to consider all the evidence presented in the case by both parties, including Pepper's own fees expert. See Millen, 104 So.2d at 342. In the instant case, *1164 Pepper's expert testified that a reasonable fee would be $11,000, less the $5,000 setoff, which said setoff the trial court ultimately found was not supported by the evidence presented by either party. Because the undisputed evidence in the record, specifically Pepper's expert testimony, supports an award of fees to Vining of not more than $11,000, we reverse the amount awarded and find that $11,000 is a proper award.
Accordingly, we vacate the Final Judgment awarding $17,000 to Vining and remand this cause to the trial court with directions to enter Final Judgment in favor of Vining in the amount of $11,000. In view of the foregoing, we deem Vining's cross-appeal, relating to the insufficiency of the fees and the striking of the expert opinion, moot.
Affirmed in part; reversed in part; and remanded with instructions.
NOTES
[1] Rowe's lodestar approach requires that the court: (1) determine the number of hours reasonably expended on the litigation; and (2) determine a reasonable hourly rate for the services of the prevailing party's attorney. In analyzing this step, the court is required to consider: (a) the time and labor required, the novelty and difficulty of the issue, the results obtained, the market rate and whether the fee is fixed or contingent. By taking the number of hours expended determined in the first part and multiplying it by the reasonable hourly rate determined in the second step, the lodestar is produced. Thereafter, the court may increase or reduce the fee based upon a "contingency risk factor" and the result that is obtained. See Rowe, 472 So.2d at 1150-52. Rowe further requires that the court set forth specific findings and state the grounds which justify any enhancement or reduction to the lodestar. Id.
[2] The Poletz criteria has been extended to apply where a firm or attorney is: discharged prior to completion of the representation Law Offices of Theodore Goldberg v. Fazio, Dawson, DiSalvo, Cannon, Abers & Podrecca, 659 So.2d 1200 (Fla. 3d DCA 1995); discharged for cause Kushner v. Engelberg, Cantor & Leone, P.A., 750 So.2d 33 (Fla. 4th DCA 1999); and where the attorney withdraws without any fault of the client before completion of the case Faro v. Romani, 629 So.2d 872 (Fla. 4th DCA 1993)quashed on other grounds, 641 So.2d 69 (Fla.1994)(approved in Poletz ).