WELLS, Judge.
Linda Harrington appeals from contingency fee awards to her former trial and appellate attorneys for their successful representation of her in an action for breach of a shareholder’s agreement which resulted in a settlement. She also appeals from an order approving that settlement agreement claiming that the order erroneously fails to award either pre or post judgment interest.
We affirm the contingency fee awards because the agreements between Harrington and both her former trial and appellate lawyers expressly and unambiguously state that the attorneys will be entitled to contingency fee awards if one of the claims described in the agreements is “settled after this date, through any means.” Since there is no dispute that a settlement agreement was executed settling one of the claims described in the fee agreements before these attorneys’ representation was terminated, the attorneys are entitled to the agreed upon contingency fees. See Cooper v. Ford & Sinclair, P.A., 888 So.2d 683, 690 (Fla. 4th DCA 2004)(affirming a contingency fee award to attorneys discharged after settlement of a claim because “[t]he contingency requirement had been met and the attorneys were entitled to rely upon the provisions of the written contingency fee contract to determine the amount of their fees”); King v. Nelson, 362 So.2d 727, 728 (Fla. 2d DCA 1978)(af-firming a contingency fee award following settlement where the fee agreement provided for payment of counsel upon settlement or recovery); Town of Medley v. Kimball, 358 So.2d 1145, 1147 (Fla. 3d DCA 1978)(confirming that where an agreement so provides, a contingency fee is owed when the case is settled).
We find no merit in the remainder of Harrington’s issues regarding payment of interest. See BAC Int’l Credit Corp. v. Macia, 626 So.2d 1037, 1038 (Fla. 3d DCA 1993)(holding that a settlement agreement should be enforced according to its terms).
Accordingly, the orders on appeal are affirmed.