399 So.2d 1390 (1981)
THE FLORIDA BAR, Complainant,
v.
Ronald R. ROGOWSKI, Respondent.
No. 59119.
Supreme Court of Florida.
June 11, 1981.
John F. Harkness, Jr., Executive Director, Stanley A. Spring, Staff Counsel and James P. Hollaway, Deputy Staff Counsel, Tallahassee, and Harris K. Solomon, Branch Staff Counsel, and Walter G. Campbell, Jr., Fort Lauderdale, for complainant.
Ronald R. Rogowski, in pro. per., and Robert J. O'Toole, Fort Lauderdale, for respondent.
PER CURIAM.
This is an original proceeding based upon complaint of The Florida Bar and findings of the referee that respondent, Ronald R. Rogowski, improperly advanced funds to clients, mishandled trust accounts, and failed to timely prepare a required disbursement statement.
The referee found that respondent improperly advanced funds from his client trust account to two clients in excess of the amount they had on deposit at the time of the advances. The advances of funds were made in connection with contemplated or pending litigation and were not provided for the expenses of litigation or for any other expenses authorized by the Code of Professional Responsibility, Disciplinary Rule 5-103(B). The referee further found that on six occasions from 1975 to 1979 the *1391 balance in respondent's trust account was less than respondent's outstanding trust liabilities. Finally, the referee found that in a case handled by respondent on a contingent fee basis the required disbursement statement was not prepared as of the date of the disbursement, nor was there suitable record of the receipts and expenditures associated with the case.
The referee recommended that respondent be found guilty of violating Code of Professional Responsibility Disciplinary Rules 2-106(E), 5-103(B), and 9-102(B), and the Florida Bar Integration Rule, article XI, rule 11.02(4). We have reviewed the record, which clearly supports the findings of the referee.
In considering appropriate discipline, the referee recommended that respondent be suspended from the practice of law for sixty days, followed by one year of probation during which period respondent would be required to have a certified public accountant prepare a quarterly report on respondent's trust accounts. The referee further recommended that respondent be required to pay $2,500 to The Florida Bar Client Security Fund, even though the record reflects no loss of client funds due to respondent's actions and no payment by the fund on his behalf.
The Florida Bar argues that respondent's negligent handling of his client trust account warrants more severe punishment than that recommended by the referee, as reflected by the sanctions imposed in such cases as The Florida Bar v. Enwright, 168 So.2d 129 (Fla. 1964), and State ex rel. The Florida Bar v. McClosky, 130 So.2d 596 (Fla. 1961). The Bar urges that respondent be suspended for a period of three months plus one day and until he shall prove his rehabilitation, to be followed by one year on probation as recommended by the referee.
Respondent argues that a public reprimand and one year on probation would be a more appropriate penalty under the facts in this cause.
We must reject the recommendation of the referee for payment to the Client Security Fund since no funds were paid out of the fund. There is no authority for this Court in a disciplinary proceeding to require a payment that is not for restitution or the payment of costs.
We approve the recommendation of the referee that the respondent should be disciplined by a sixty-day suspension, effective July 13, 1981, to be followed by a period of one year on probation, during which respondent will be required to have a certified public accountant prepare and file with The Florida Bar a quarterly report of all trust accounts of the respondent. We emphasize that an attorney's nonlawyer personnel are agents of the attorney and that the attorney is responsible for seeing that the agents' actions do not violate the Code of Professional Responsibility. Disciplinary Rule 3-104(C).
Costs in the amount of $2,630.20 are hereby assessed against respondent.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ENGLAND and McDONALD, JJ., concur.
ALDERMAN, J., concurs in part and dissents in part with an opinion.
ALDERMAN, Justice, concurring in part, dissenting in part.
I concur except as to the discipline imposed. I agree with the Bar and would suspend respondent for three months plus one day and until he proves rehabilitation.