452 So.2d 547 (1984)
THE FLORIDA BAR, Complainant,
v.
Lance E. WOOTEN, Respondent.
No. 63817.
Supreme Court of Florida.
June 14, 1984.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Michael D. Powell, Bar Counsel, Fort Lauderdale, for complainant.
Ray Sandstrom of Sandstrom & Haddad, Fort Lauderdale, for respondent.
PER CURIAM.
This attorney discipline proceeding is before us on the complaint of The Florida Bar and the report of the referee. The Florida Bar has petitioned for review pursuant to article XI, Rule 11.09(1) of the Integration Rule of The Florida Bar. We have jurisdiction. Art. V, § 15, Fla. Const.
Respondent was charged with violation of Disciplinary Rule 5-103(B) of The Florida Bar Code of Professional Responsibility for giving financial assistance to a client and thereby acquiring a financial interest in the client's contemplated or pending litigation. The referee found that respondent did not acquire any interest in his client's litigation and recommended that the complaint be dismissed. The Florida Bar now petitions for review of the referee's recommendation. The Bar seeks a finding of guilt and the imposition of a public reprimand.
*548 The facts of this case are as follows. Respondent was employed to represent an individual with regard to a personal injury action and workers' compensation claim. During a period of over two years, respondent advanced his client in excess of $20,000. Some of this money was used for the client's medical bills, but a substantial portion was used for the maintenance and support of the client and his family. The majority of this money was secured by promissory notes and was to be repaid from the proceeds of the personal injury action or the workers' compensation claim. Respondent was discharged prior to any recovery and, consequently, none of the funds advanced by respondent have been repaid. Respondent has made no effort to recover the money.
We reject the findings and recommendation of the referee and find that the facts of this case, on their face, demonstrate a clear violation of Disciplinary Rule 5-103(B). This Court has repeatedly held that an attorney may not advance money to a client except for the reasonable expenses of litigation. See The Florida Bar v. Rogowski, 399 So.2d 1390 (Fla. 1981); The Florida Bar v. Abagis, 318 So.2d 395 (Fla. 1975). By respondent's own admission, the funds advanced in this case were for the maintenance and support of the client and his family and were to be repaid from the proceeds of the client's litigation.
The referee's finding that respondent did not acquire an interest in his client's litigation is clearly erroneous. The mere fact that respondent advanced more than $20,000, which was not connected to the expenses of litigation and which was to be repaid from the proceeds of the litigation, is sufficient evidence of respondent's acquisition of an interest in the client's litigation.
We hold that respondent violated Disciplinary Rule 5-103(B) and that the appropriate punishment is a public reprimand. The publishing of this opinion in Southern Reporter shall constitute the public reprimand.
The cost of these proceedings in the amount of $695.31. is assessed against respondent.
It is so ordered.
ALDERMAN, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.