PER CURIAM.
Pursuant to Rule 3-7.8(a) of the Rules Regulating The Florida Bar, attorney Lawrence V. Hastings has filed a stipulation to probable cause, conditional guilty plea and consent judgment regarding certain charges of professional misconduct. The Florida Bar has petitioned for approval of the consent judgment.
In his conditional guilty plea, respondent admits that he practiced law under the firm name “Hastings and Goldman” and that by doing so he offered himself out to the public as having a partnership with Mr. Samuel Goldman. During part of the period in which this firm name was used, Mr. Goldman held a 25% ownership interest and respondent a 75% ownership interest in the firm. However, from 1974 through 1986, Mr. Goldman had no ownership interest but was merely associated with respondent while respondent held 100% of the ownership interest. Respondent stipulates that by practicing law under the firm name of Hastings and Goldman without actually having a partnership relation with Mr. Goldman insofar as ownership was concerned, he violated Disciplinary Rule 2-102(C) of the former Code of Professional Responsibility of The Florida Bar, which provided: “A lawyer shall not hold himself out as having a partnership with one or more other lawyers or professional corporations unless they are in fact partners.”
Respondent also acknowledges that allegations of further professional misconduct are under investigation by The Florida Bar. He describes the charges as falling into three categories: (1) improper payment of referral fees to secure employment; (2) improper assessment against clients of costs not directly related to their representation; and (3) directly or indirectly providing financial assistance to clients during the course of representation. Regarding the allegations referred to in categories (1) and (2) above, respondent denies that he is guilty of the alleged misconduct. Regarding the matter of indirectly providing financial assistance to clients, respondent submits a conditional guilty plea with qualifications.
Respondent admits that from time to time his law firm has arranged for third parties to provide loans to clients. When such loans were arranged, respondent states, the clients remained ultimately responsible for the repayment thereof.
Respondent’s plea states that the allegations under investigation by the Bar, if proven, would constitute violations of the following provisions of the former Code of Professional Responsibility: Disciplinary Rule 5-103(B) (improper financial assistance to clients) and Disciplinary Rule 5-104(A) (business transactions with clients where interests differ and professional judgment is expected).
Respondent qualifies his admission of guilt by suggesting that the authority of a state bar to impose discipline on lawyers who provide financial assistance to clients may be limited by certain provisions of the Federal Employers’ Liability Act pertaining to the availability and compensation of legal counsel. Respondent asserts that his firm is involved in a substantial amount of F.E.L.A. practice and that the customs in his area of practice at least mitigate the seriousness of the misconduct. We offer no opinion on the merit of respondent’s argument but accept his plea of guilty.
The consent judgment states that it “covers all of the conduct described” therein and “shall be deemed an absolute waiver by the Bar of its right, if any, to maintain disciplinary proceedings against Respondent arising out of the types of conduct described in” respondent’s pleading. The Florida Bar asks that the Court accept the conditional guilty plea and approve the consent judgment. We do so on the basis that this waiver applies only to past conduct and not to any future conduct.
*573 The consent judgment provides for the imposition of a public reprimand. We approve the consent judgment and hereby reprimand attorney Lawrence V. Hastings for professional misconduct.
The costs of The Florida Bar’s investigation and litigation of this matter are taxed against the respondent. Judgment for costs in the amount of $423.00 is hereby entered against Lawrence V. Hastings, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.