PER CURIAM.
The Florida Bar petitions this Court to amend the Rules Regulating The Florida Bar. We have jurisdiction. Art. V, § 2(a), Fla. Const.
In January 1990, the Board of Governors of The Florida Bar approved the proposed amendments now before us. They involve two groups of issues. The first and most controversial involves the use of out-of-state counsel by corporations operating in Florida. The second involves certain issues *1036 regarding “temporary” suspensions from The Florida Bar.
As to the first group, we have reviewed the proposal submitted by The Florida Bar regarding out-of-state corporate counsel. We also have reviewed the numerous comments in opposition filed by several large corporations.
For example, Walt Disney World Co., one of Florida’s larger employers, has filed comments arguing that the proposed Chapter 15 submitted by The Florida Bar would be a strong disincentive for large corporations to base their operations in Florida. Disney notes that it might not have placed its worldwide construction and real estate groups in this state had Chapter 15 been in effect when the decision was made to locate them here.
Similarly, the Florida Department of Commerce — the state agency responsible for tourism and economic development— has opposed the proposal. DOC argues that proposed Chapter 15 is “one more barrier faced by the department in the promotion of Florida to national corporations.”
These comments and many others like them show this Court that the proposed Chapter 15 has not been drafted to meet the legitimate needs of business in a modern economy. We commend The Florida Bar for its effort to safeguard against the unlicensed practice of law. However, this Court is troubled by the concerns raised by the opponents of this proposal. We agree that less burdensome alternatives exist that can provide solutions to this problem.
Accordingly, this Court denies the petition to the extent it requests us to adopt proposed Chapter 15. If the Board of Governors wishes, it may formulate a new proposal that more adequately addresses the concerns raised by the comments in opposition. We urge the Board of Governors to meet with the parties that have opposed this petition in developing a new proposal to be presented to this Court.
In particular, we ask The Florida Bar to precisely define what is to be considered an authorized house counsel. This should include a requirement that attorneys employed as house counsel submit to the continuing legal education requirement, register with The Florida Bar, and submit both to the Rules Regulating The Florida Bar and the disciplinary jurisdiction of this Court under article V, section 15 of the Florida Constitution. The Bar should develop rules prescribing how, and for what reasons, authorized house counsel may be temporarily suspended or prohibited from the practice of law in Florida for disciplinary violations.
Authorized house counsel should be required to pay dues to compensate The Bar for overseeing these registration and discipline requirements. We believe there also must be a specific requirement that authorized counsel be a member in good standing of one of the jurisdictions of the United States, including any state, territory, commonwealth, or the District of Columbia.
Finally, the proposal developed by The Bar should not contain a limit on the period of time one may practice as authorized house counsel without becoming a full member of The Florida Bar. This requirement clearly is a hindrance to commerce and of doubtful usefulness. The Bar also should eliminate any requirement that authorized counsel must have practiced law a minimum period of time in another jurisdiction before coming to Florida. This, too, is a hindrance to commerce and a disincentive for corporations to hire young attorneys fresh out of law school.
As to the second part of the petition, we adopt the proposal submitted by The Florida Bar, but modify it to reflect some of the concerns raised by Henry Trawick, Jr. We also have renamed this section as “emergency suspension and probation,” which more accurately describes its function. Many of the other changes reflected in the appendix are technical. Several, however, are substantive and are necessary, we believe, to make this rule meet the requirement of due process.
First, we agree with Mr. Trawick that affidavits should not become a basis for depriving attorneys of their livelihoods if in fact these affidavits are meritless. Thus, we have heightened the standard by which *1037 such affidavits will be reviewed in this Court upon a motion to dissolve an emergency order. Under this new standard, the affidavit or affidavits must allege facts that, if true, would demonstrate clearly and convincingly that an attorney appears to be causing great public harm.
We also have specified that, in the hearing on a motion to dissolve or modify an emergency order, The Florida Bar will bear the burden of demonstrating a likelihood of succeeding on the merits of the underlying complaint. Although emergency suspension and probation are not entirely like a temporary injunction, we agree with Mr. Trawick that the two are sufficiently similar to require that a somewhat similar burden be placed on The Florida Bar. See, e.g., Department of Business Regulation v. Provende, Inc., 399 So.2d 1038 (Fla. 3d DCA 1981). These requirements help conform these procedures to the requirements of due process.
We have modified some of the procedures reflected in The Bar proposal because we believe it failed to address some of the possible procedural problems that might arise in cases of this type. The Bar rule, for example, appears to presume that an attorney always will move to dissolve the emergency order. While this may be true in the vast majority of cases, we must recognize the possibility that such a motion might not be filed in some conceivable cases. The Bar proposal at best is ambiguous as to what further procedures apply in such instances. In addition, The Bar proposal does not appear to differentiate between those instances in which a motion for dissolution is filed before a referee is appointed and those in which the motion is filed after a referee is appointed. This oversight could create confusion. The Bar rule also fails to address the problem of successive motions for dissolution.
We have attempted to rectify these problems. Thus, the attached rule specifies that The Bar must file a formal complaint within sixty days of the emergency order and proceed to trial, whether or not it appears that a motion for dissolution later may be filed in some stage of the proceedings. However, this time limitation is suspended if, prior to the filing of the formal complaint, the attorney in question exercises the right to move for dissolution of the order. If a complaint already has been filed, the motion operates as a stay of any further proceedings and suspends the time limitations imposed on The Bar.
Successive motions for dissolution will summarily be dismissed by the Court without being referred to a referee to the extent that they raise issues that were or with due diligence could have been raised in a prior motion. In such instances, the motion operates as a stay only until dismissed, thus extending any applicable time limitations for an amount of time equal to the duration of the stay.
Once a valid motion for dissolution is filed that states good cause, the chief justice will appoint a referee to hear the motion, and the hearing must occur within the time limits specified. The Court then will review the referee’s findings and recommendation.
If the Court determines that an emergency order imposing a suspension should be continued to any extent, the following conditions apply. First, The Bar must file a formal complaint within sixty days of the continuance if a formal complaint has not already been filed; and the referee must hear the case and issue a report within ninety days of the formal complaint. If, however, a formal complaint was filed before the motion for continuance, then the previously appointed referee must hear the case and issue a report within ninety days of the Court’s order of continuance. In the event a formal complaint had been filed but a referee had not yet been appointed when the motion for dissolution was filed, then the time limit will be computed from the date on which the referee is appointed or the date of the continuance, whichever is later.
We stress that the time limits specified in the preceding paragraph do not apply if the emergency order only imposes emergency conditions of probation. These time limits are intended to apply only to *1038 orders one element of which is an emergency suspension.
Finally, we wish to commend The Florida Bar for submitting to this Court a rules proposal that complies with the recommendations of the Report of the Florida Supreme Court Gender Bias Commission 239 (March 1990). The proposed rules reflect a conscious effort to eliminate gender-specific language, which was one of the Gender Bias Report’s key recommendations.
For the foregoing reasons, we decline to adopt proposed Chapter 15. We adopt the rules changes reflected in the attached appendix, effective at 12:01 a.m. on January 1, 1992.
It is so ordered.
SHAW, C.J., and OVERTON, BARKETT, GRIMES and KOGAN, JJ., concur.
McDONALD, J., concurs specially with an opinion.