635 So.2d 968 (1994)
THE FLORIDA BAR RE AMENDMENTS TO RULES REGULATING THE FLORIDA BAR.
AMENDMENT TO THE RULES REGULATING THE FLORIDA BAR  RULE 4-1.8(e).
Nos. 81301, 81527.
Supreme Court of Florida.
April 21, 1994.
Supplemental Order Amending Rule July 7, 1994.
Patricia A. Seitz, President of The Florida Bar, Miami, and John F. Harkness, Jr., Executive Director and John A. Boggs, Director of Lawyer Regulation of The Florida Bar, Tallahassee, for petitioner in No. 81,301.
Thomas A. Pobjecky, Gen. Counsel, Florida Bd. of Bar Examiners, Tallahassee, Randolph Braccialarghe, Nova University, Ft. Lauderdale, Holland & Knight, P.A., Martha W. Barnett, Tallahassee, and Anthony V. Pace, Jr., Boca Raton, responding.
Lawrence R. Metsch and Benjamin R. Metsch of Metsch & Metsch, P.A., Miami, for petitioner in No. 81,527.
Timothy P. Chinaris, Ethics Counsel, and Lilijean Quintiliani, Asst. Ethics Counsel, Tallahassee, Comments by The Florida Bar.
PER CURIAM.
The Florida Bar (Bar), as part of its annual review and with the authorization of the board of governors, petitions the Court to amend or adopt Rules Regulating The Florida Bar 11-1.8, 11-1.9, chapters 13 and 17, and to amend the comment to rule 4-3.3. Lawrence R. Metsch (LRM), representing fifty members[1] of the Bar, petitions the Court to amend rule 4-1.8(e). Anthony Pace, a member of the Bar, asks the Court to amend rule 3-7.6(g)(4).[2] The Bar opposed the LRM petition, and various members of the Bar and public opposed the Bar's petition. Therefore, we consolidated these cases for the purpose of oral argument. We have jurisdiction. Art. V, § 2(a), Fla. Const.
The Bar's petition has the following effects. The proposed amendment to the comment to rule 4-3.3 relates to the duty of a lawyer to disclose perjury by a criminal defendant. The rule directs that a lawyer is not to be a knowing participant in any conduct of a client amounting to a fraud on the court. The comment explains the lawyer's duty and distinguishes an unsworn false statement of a client to a law enforcement officer from any type of false statement of a client made in a court proceeding. We find that this clarifying comment makes it clear that a lawyer has a duty to disclose "any *969 false statements by a client in the course of the court proceeding," including disclosure of any pleadings filed or made in court in which a false statement is made, but that a lawyer does not have a duty to disclose other false statements of a client. With this understanding, we approve the Bar's proposed amendment to the comment.
Because Chapter 11 as a whole contains certain inconsistencies and has been susceptible to differing interpretations, we take this opportunity to amend this rule in its entirety for purposes of clarification.
We have incorporated therein the proposed amendment to rule 11-1.8 (now rule 11-1.9) which provides that if an applicant for admission to the Bar fails any part of the admission exam or is denied admission to the Bar, the applicant's legal intern certification shall be terminated. No party objects to this amendment. It is a reasonable measure and we adopt it.
Proposed rule 11-1.9 (now rule 11-1.10) would authorize law school graduates and lawyers admitted in other jurisdictions hired by specified governmental agencies to be certified to practice prior to bar admission. The proposed rule has no law school clinical education requirement; it thus differs from present rules governing practice in the interim between law school graduation and bar admission. Because the law school clinical training requirement is important to the protection of the public, we reject the proposal as it applies to persons not admitted to any bar; we approve it as it applies to lawyers admitted to practice in another state. Adopting the part of the rule applicable to admitted lawyers will assist the four agencies[3] in their avowed quest for experienced persons, while affording protection to the public.
Proposed amendments to chapter 13 would authorize graduates of American Bar Association-accredited law schools to be employed for up to one year by certified legal aid organizations while seeking admission to the Bar. Like the proposals above, this proposal has no law school clinical education requirement; we therefore reject it. We also strike the sunset provision from chapter 13.
Proposed chapter 17 governs in-house counsel practice. We adopt the rule as proposed by the Bar with exceptions and deletions suggested by W.R. Grace & Co. This adoption of the Grace modifications is premised upon the representation of the Bar that it has reviewed the exceptions and deletions and has no objections thereto.
We also reject the amendment to rule 37.6(g)(4) proposed by Mr. Pace, which would have the effect of removing the referee's discretion to delay ruling on motions until the final hearing. The referee's discretion is reasonable and we reject this suggested amendment.
LRM's proposed amendment would permit a personal injury lawyer to assist a client in obtaining a third-party loan for ordinary living expense (food, clothing, shelter, and transportation). The lawyer would agree to act as trustee for the lender to ensure repayment from the proceeds of any recovery obtained. The Bar argues that the proposed amendment will result in inevitable conflicts of interest among lawyer, client, and lending institution, as well as discouraging settlements. We agree. Rule Regulating The Florida Bar 4-1.8 provides: "A lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation... ."[4] Rule 4-1.8(i) provides: "A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client... ."[5] We find that the rule amendment LRM proposes would violate both subsections of rule 4-1.8, thus creating possible conflicts of interest. This Court has disciplined members of the Bar for advancing funds to clients or assisting others to do so. The Fla. Bar v. Hastings, 523 So.2d 571 (Fla. 1988); The Fla. Bar v. Wooten, 452 So.2d 547 (Fla. 1984); The Fla. Bar v. Dawson, 318 So.2d 385 (Fla.), cert. denied, 423 U.S. 995, 96 S.Ct. 422, 46 L.Ed.2d 369 (1975). *970 Lawyers should not be encouraged or allowed to do indirectly what they cannot do directly. The majority of states likewise prohibit this conduct. We therefore reject LRM's proposed rule amendment.
Accordingly, the rules are amended and adopted as reflected in the appendix to this opinion. Committee comments are included for explanation and guidance only and are not adopted as an official part of the rules. These amendments shall take effect upon the release of this opinion.[6] The filing of a motion for rehearing shall not modify the effective date of the rules.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.

APPENDIX
The first sentence of the third paragraph under the subheading "False evidence" in the comment to rule 4-3.3 should read as follows:
Except in the defense of a criminally accused, the rule generally recognized is that, if necessary to rectify the situation, an advocate must disclose the existence of the client's deception to the court or to the other party.
The following should be added to the comment to rule 4-3.3 as a third paragraph under the subheading of "Perjury by a criminal defendant":
Although the offering of perjured testimony or false evidence is considered a fraud on the tribunal, these situations are distinguishable from that of a client who, upon being arrested, provides false identification to a law enforcement officer. The client's past act of lying to a law enforcement officer does not constitute a fraud on the tribunal, and thus does not trigger the disclosure obligation under this rule, because a false statement to an arresting officer is unsworn and occurs prior to the institution of a court proceeding. If the client testifies, the lawyer must attempt to have the client respond to any questions truthfully or by asserting an applicable privilege. Any false statements by the client in the course of the court proceeding will trigger the duties under this rule.
Chapter 11, as set forth below, is amended in its entirety:

CHAPTER 11. RULES GOVERNING THE LAW SCHOOL PRACTICE PROGRAM

11-1. GENERALLY.

RULE 11-1.1 PURPOSE
The bench and the bar are primarily responsible for providing competent legal services for all persons, including those unable to pay for these services. As one means of providing assistance to lawyers who represent clients unable to pay for such services and to encourage law schools to provide clinical instruction in trial work of varying kinds, the following rules are adopted.

RULE 11-1.2 ACTIVITIES
(a) Definition. A law school practice program is a credit-bearing clinical program coordinated by a law school in which students directly provide representation to clients in litigation under the supervision of a lawyer.
(b) Appearance in Court or Administrative Proceedings. An eligible law student may appear in any court or before any administrative tribunal in this state on behalf of any indigent person if the person on whose behalf the student is appearing has indicated in writing consent to that appearance and the supervising lawyer has also indicated in writing approval of that appearance. In those cases in which the indigent person has a right to appointed counsel, the supervising attorney shall be personally present at all critical stages of the proceeding. In all cases, the supervising attorney shall be personally present when required by the court or administrative tribunal who shall determine the extent of the eligible law student's participation in the proceeding.
(c) Appearance for the State in Criminal Proceedings. An eligible law student may also appear in any criminal matter on behalf of the state with the written approval of the state attorney or the attorney general *971 and of the supervising lawyer. In such cases the supervising attorney shall be personally present when required by the court who shall determine the extent of the law student's participation in the proceeding.
(d) Appearance on Behalf of Governmental Officers or Entities. An eligible law student may also appear in any court or before any administrative tribunal in any civil matter on behalf of the state, state officers, or state agencies or on behalf of a municipality or county, provided that the municipality or county has a full-time legal staff, with the written approval of the attorney representing the state, state officer, state agency, municipality, or county. The attorney representing the state, state officer, state agency, municipality, or county shall supervise the law student and shall be personally present when required by the court or administrative tribunal, which shall determine the extent of the law student's participation in the proceeding.
(e) Filing of Consent and Approval. In each case the written consent and approval referred to above shall be filed in the record of the case and shall be brought to the attention of the judge of the court or the presiding officer of the administrative tribunal. If the client is the state attorney, state officer, or governmental entity, it shall be sufficient to file the written consent and approval with the clerk and each presiding judge once for the term of the student's participation.
(f) Fixing of Standards of Indigence. The board of governors shall fix the standards by which indigence is determined under this chapter upon the recommendation of the largest voluntary bar association located in the circuit in which a program is implemented hereunder.

RULE 11-1.3 REQUIREMENTS AND LIMITATIONS
In order to make an appearance pursuant to this chapter, the law student must:
(a) be duly enrolled in the United States in, and appearing as part of a law school practice program of, a law school approved by the American Bar Association;
(b) have completed legal studies amounting to at least 4 semesters or 6 quarters for which the student has received not less than 48 semester hours or 72 quarter hours of academic credit or the equivalent if the school is on some other basis;
(c) be certified by the dean of the student's law school as being of good character and competent legal ability and as being adequately trained to perform as a legal intern in a law school practice program;
(d) be introduced to the court in which the student is appearing by an attorney admitted to practice in that court;
(e) neither ask for nor receive any compensation or remuneration of any kind for the student's services from the person on whose behalf the student renders services, but this shall not prevent a state attorney, public defender, legal aid organization, or state officer or governmental entity from paying compensation to the eligible law student (nor shall it prevent any of the foregoing from making such charge for its services as it may otherwise require); and
(f) certify in writing that the student has read and is familiar with the Rules of Professional Conduct as adopted by this court and will abide by the provisions thereof.

RULE 11-1.4 CERTIFICATION OF STUDENT
The certification of a student by the law school dean:
(a) Shall be filed with the clerk of this court, and, unless it is sooner withdrawn, it shall remain in effect until the expiration of 18 months after it is filed.
(b) May be withdrawn by the dean at any time by mailing a notice to that effect to the clerk of this court. It is not necessary that the notice state the cause for withdrawal.
(c) May be terminated by this court at any time without notice or hearing and without any showing of cause. Notice of the termination may be filed with the clerk of the court.

RULE 11-1.5 APPROVAL OF LEGAL AID ORGANIZATION
Legal aid organizations which use law student interns pursuant to this chapter must be approved by the Supreme Court. A legal aid organization seeking approval shall file a petition with the clerk of the court certifying *972 that it is a nonprofit organization and reciting with specificity:
(a) the structure of the organization and whether it accepts funds from its clients;
(b) the major sources of funds used by the organization;
(c) the criteria used to determine potential clients' eligibility for legal services performed by the organization;
(d) the types of legal and nonlegal services performed by the organization; and
(e) the names of all members of The Florida Bar who are employed by the organization or who regularly perform legal work for the organization.
Legal aid organizations approved on the effective date of this chapter need not reapply for approval, but all such organizations are under a continuing duty to notify the court promptly of any significant modification to their structure or sources of funds.

RULE 11-1.6 OTHER ACTIVITIES
(a) Preparation of Documents; Assistance of Indigents. In addition, an eligible law student may engage in other activities, under the general supervision of a member of the bar of this court, but outside the personal presence of that lawyer, including:
(1) preparation of pleadings and other documents to be filed in any matter in which the student is eligible to appear, but such pleadings or documents must be signed by the supervising lawyer;
(2) preparation of briefs, abstracts, and other documents to be filed in appellate courts of this state, but such documents must be signed by the supervising lawyer;
(3) except when the assignment of counsel in the matter is required by any constitutional provision, statute, or rule of this court, assistance to indigent inmates or correctional institutions or other persons who request such assistance in preparing applications for and supporting documents for postconviction relief. If there is an attorney of record in the matter, all such assistance must be supervised by the attorney of record, and all documents submitted to the court on behalf of such a client must be signed by the attorney of record.
(b) Identification of Student in Documents and Pleadings. Each document or pleading must contain the name of the eligible law student who has participated in drafting it. If the student participated in drafting only a portion of it, that fact may be mentioned.
(c) Participation in Oral Argument. An eligible law student may participate in oral argument in appellate courts but only in the presence of the supervising lawyer.

RULE 11-1.7 SUPERVISION
The member of the bar under whose supervision an eligible law student does any of the things permitted by this chapter shall:
(a) be a lawyer whose service as a supervising lawyer for this program is approved by the dean of the law school in which the law student is enrolled and who is a member of The Florida Bar in good standing;
(b) be a lawyer employed by a state attorney, public defender, an approved legal aid organization, a state officer, or a governmental entity enumerated in rule 11-1.2(d).
(c) assume professional responsibility for the student's guidance in any work undertaken and for supervising the quality of the student's work; and
(d) assist the student in the student's preparation to the extent the supervising lawyer considers it necessary.

RULE 11-1.8 MISCELLANEOUS
Nothing contained in this chapter shall affect the right of any person who is not admitted to the practice of law to do anything that the person might lawfully do prior to the adoption of this chapter.

RULE 11-1.9 CONTINUATION OF PRACTICE PROGRAM AFTER COMPLETION OF LAW SCHOOL PROGRAM OR GRADUATION
(a) Certification. A law student at an American Bar Association approved Florida law school who has completed a law school practice program awarding a minimum of 3 semester credit hours or the equivalent or requiring at least 200 hours of actual participation in the program and has had certification withdrawn by the law school dean by reason of successful completion of the program or has graduated from law school following *973 successful completion of the program may make appearances for any of the same supervisory authorities under the same circumstances and restrictions that were applicable to students in law school programs pursuant to this chapter if the supervising attorney:
(1) files a certification in the same manner and subject to the same limitations as that required to be filed by the law school dean and files a separate certificate of the dean stating that the law student has successfully completed a law school practice program. This certification may be withdrawn in the same manner as provided for the law school dean's withdrawal of certification. The maximum term of certification for graduates shall be 12 months from graduation; and
(2) further certifies that the attorney will assume the duties and responsibilities of the supervising attorney as provided by other provisions of this chapter.
(b) Graduates of Non-Florida Law Schools. A graduate of an American Bar Association approved non-Florida law school may qualify for continuation if the graduate successfully completed a clinical program in law school that met the definition of a law school practice program under rule 11-1.2(a) and that awarded a minimum of 3 semester hours or the equivalent or required at least 200 hours of actual participation in the program.
(c) Termination of Certification. Failure to take the next available Florida bar examination or denial of admission to The Florida Bar shall terminate certification hereunder.

RULE 11-1.10 CERTIFICATION OF MEMBERS OF OUT-OF-STATE BARS
(a) Persons Authorized to Appear. A member of an out-of-state bar may practice law in Florida pursuant to this chapter if:
(1) the appearance is made as an employee of the attorney general, a state attorney, a public defender, or the capital collateral representative; and
(2) the member of an out-of-state bar has made application for admission to The Florida Bar; and
(3) the member of an out-of-state bar submits to the jurisdiction of the Supreme Court of Florida for disciplinary purposes; and
(4) the member of an out-of-state bar is in good standing with that bar and is not currently the subject of disciplinary proceedings.
(b) Term of Certification. The maximum term of certification under this section shall be 12 months from the date of certification; provided, however, that the certification may extend beyond 12 months if the certificate holder has passed The Florida Bar examination and is awaiting the results of the character and fitness evaluation of the Florida Board of Bar Examiners. Certification may be withdrawn in the same manner as provided for the withdrawal of certification by a law school dean.
(c) Termination of Certification. Failure to take the next available Florida Bar examination, failure of any portion of The Florida Bar examination, or denial of admission to The Florida Bar shall terminate certification hereunder.

Rule 13-1.8 is deleted.

CHAPTER 17. AUTHORIZED HOUSE COUNSEL RULE

17-1. GENERALLY

RULE 17-1.1 PURPOSE
The purpose of this chapter is to facilitate the relocation of persons employed by or to be employed by any business organization, as herein defined, for the purpose of undertaking, in whole or in part, activities, as herein defined, for such organizations. Notwithstanding the provisions of article I, section 1, Rules of the Supreme Court of Florida Relating to Admissions to the Bar, this chapter shall authorize attorneys licensed to practice in jurisdictions other than Florida to be permitted to undertake said activities in Florida while exclusively employed by a business organization without the requirement of taking the bar examination.

*974 RULE 17-1.2 DEFINITIONS
(a) Authorized House Counsel. An "authorized house counsel" is any person who:
(1) is a member in good standing of the entity governing the practice of law of each state (other than Florida), territory, or the District of Columbia in which the member is licensed;
(2) is not subject to a disciplinary proceeding or outstanding order of reprimand, censure or disbarment, permanent or temporary, for professional misconduct by the bar or courts of any jurisdiction at the time of application for registration under this chapter;
(3) has not been permanently denied admission to practice before the bar of any jurisdiction based upon such person's character or fitness at the time of application for registration under this chapter;
(4) agrees to abide by the Rules Regulating The Florida Bar (including, without limitation, rules 6-10.1 et seq.) and submit to the jurisdiction of the Supreme Court of Florida for disciplinary purposes;
(5) is, at the date of application for registration under this rule, employed in the state of Florida by a business organization or relocating to the state of Florida in furtherance of such employment within 6 months of such application under this chapter and receives or shall receive compensation for activities performed for that business organization;
(6) has complied with rule 17-1.4.
(b) Business Organization. A "business organization" for the purpose of this rule is a corporation, partnership, association, or other legal entity (taken together with its respective parents, subsidiaries, and affiliates) that is not itself engaged in the practice of law or the rendering of legal services outside such organization, whether for a fee or otherwise, and does not charge or collect a fee for the representation or advice other than to entities comprising such organization by the activities of the authorized house counsel.

RULE 17-1.3 ACTIVITIES
(a) Authorized Activities. An authorized house counsel, as an employee of a business organization, may provide legal services in the state of Florida to the business organization for which a registration pursuant to rule 17-1.4 is effective, provided, however, that such activities shall be limited to:
(1) the giving of legal advice to the directors, officers, employees, and agents of the business organization with respect to its business and affairs;
(2) negotiating and documenting all matters for the business organization; and
(3) representation of the business organization in its dealings with any administrative agency or commission having jurisdiction; provided however, authorized house counsel shall not be permitted to make appearances as counsel in any court, administrative tribunal, agency, or commission situated in the state of Florida unless the rules governing such court or body shall otherwise authorize, or the attorney is specially admitted by such court or body in a case.
(b) Disclosure. Authorized house counsel, in undertaking legal services permitted pursuant to subdivision 17-1.3(a)(2) or (3), shall disclose their capacity by written or printed communication that shall evidence both the name for the appropriate business organization and the title or function of the authorized house counsel and whether or not they are licensed to practice in the state of Florida. Such communication shall be transmitted in such manner as reasonably contemplated to create an awareness of the authorized house counsel's status with respect to the relevant activity. In performing activities under this subdivision, authorized house counsel shall not represent themselves to be members of The Florida Bar licensed to practice law in this state.
(c) Limitation on Representation. In no event shall the activities permitted hereunder include the individual or personal representation of any shareholder, owner, partner, officer, employee, servant, or agent in any matter or transaction or the giving of advice therefor unless otherwise permitted or authorized by law, code, or rule or as may be permitted by subdivision 17-1.3(a).
(d) Opinions to Third Parties. An authorized house counsel shall not express or render a legal judgment or opinion to be relied upon by any person or party other than in the course of the authorized house counsel's representation of the business organization *975 in which the authorized house counsel is employed.

RULE 17-1.4 REGISTRATION
(a) Filing with The Florida Bar. The following shall be filed with The Florida Bar by an individual seeking to be certified as authorized house counsel:
(1) A certificate from an entity governing the practice of law of a state, territory, or the District of Columbia in which the registrant is licensed to practice law certifying that the registrant:
a. is a member in good standing; and
b. has a clear disciplinary record as required by subdivision 17-1.2(a)(2);
(2) A sworn statement by the registrant that the registrant:
a. has read and is familiar with the Rules Regulating The Florida Bar as adopted by the Supreme Court of Florida and will abide by the provisions thereof; and
b. submits to the jurisdiction of the Supreme Court of Florida for disciplinary purposes, as defined in chapter 3 of the Rules Regulating The Florida Bar and rule 17-1.7 herein, and authorizes notification to or from the entity governing the practice of law of each state, territory, or the District of Columbia in which the registrant is licensed to practice law of any disciplinary action taken against the registrant.
(3) A certificate from a business organization certifying that: it is qualified as set forth in subdivision 17-1.2(b); that it is aware that the registrant is not licensed to practice in Florida; and it is not relying upon The Florida Bar in any manner in employing the authorized house counsel;
(4) An appropriate registration application to The Florida Bar as promulgated by the executive director of The Florida Bar; and
(5) An appropriate remittance of a filing fee prescribed and set by the executive director of The Florida Bar in an amount not to exceed the amount applicable for admission to the Bar examination for an attorney licensed in a state other than Florida.
(b) Certification by Court. Upon receipt of the items set forth in subdivision 17-1.4(a), The Florida Bar shall file with the clerk of the Supreme Court of Florida the name and address of the registrant along with a request that the registrant be certified as authorized house counsel. Permission for authorized house counsel to perform services under this rule shall become effective upon approval of the request for certification by the clerk of the Supreme Court of Florida for a person employed in Florida or, if the registrant is not yet in Florida, the effective date of employment but not later than 6 months from the filing of the items set forth above.
(c) Annual Registration. The registration pursuant to this section shall be annual in a manner consistent with that applicable to an attorney licensed to practice in the state of Florida including the annual fee therefor as if such authorized house counsel was so licensed, provided, however, such renewal shall include a statement that the certificates filed under subdivision 17-1.4(a)(1)-(3) with the initial registration are current and valid.

RULE 17-1.5 TERMINATION OR WITHDRAWAL OF REGISTRATION
(a) Cessation of Authorization to Perform Services. Authorization to perform services under this rule shall cease upon the earliest of the following events:
(1) the termination or resignation of employment with the business organization for which registration has been filed, provided, however, that if the authorized house counsel shall commence employment with another business organization within 30 days of the termination or resignation, authorization to perform services under this rule shall continue upon the filing with The Florida Bar of a certificate as set forth in subdivision 17-1.4(a)(3);
(2) the withdrawal of registration by the business organization;
(3) the withdrawal of registration by the authorized house counsel;
(4) the relocation of an authorized house counsel outside of Florida for a period greater than 180 days; or
*976 (5) the failure of authorized house counsel to comply with any applicable provision of this rule.
Notice of one of the events set forth in subdivision 17-1.5(a)(1)-(4) or a new certificate as provided in subdivision 17-1.5(a)(1) must be filed with The Florida Bar by the authorized house counsel within 30 days after such action. Failure to provide such notice by the authorized house counsel shall be a basis for discipline pursuant to the Rules Regulating The Florida Bar.
(b) Notice of Withdrawal of Authorization. Upon receipt of the notice required by subdivision 17-1.5(a), The Florida Bar shall forward a request to the clerk of the Supreme Court of Florida that the authorization under this chapter be revoked. Notice of the revocation shall be mailed by the clerk of the Supreme Court of Florida to the authorized house counsel, the business organization employing the authorized house counsel, and The Florida Bar.
(c) Reapplication. Nothing herein shall prevent an individual previously authorized as house counsel to reapply for authorization as set forth in rule 17-1.4.

RULE 17-1.6 DISCIPLINE
(a) Termination of Authorization by Court. In addition to any appropriate proceedings and discipline that may be imposed by The Florida Bar or the Supreme Court of Florida under chapter 3 of the Rules Regulating The Florida Bar, the Supreme Court of Florida may, at any time, with cause, terminate an authorized house counsel's registration, temporarily or permanently.
(b) Notification to Other States. The Florida Bar shall be authorized to notify each entity governing the practice of law in the state, territory, or the District of Columbia in which the authorized house counsel is licensed to practice law of any disciplinary action against the authorized house counsel.

RULE 17-1.7 TRANSITION
(a) Prior Commission of Unlicensed Practice of Law. The commission of the unlicensed practice of law by an applicant for registration as an authorized house counsel under this rule prior to the effective date of this rule shall not be grounds for the denial of registration of such applicant if application for registration is made within 6 months of the effective date of this rule.
(b) Immunity From Prosecution. An authorized house counsel who has been duly registered under this rule shall not be subject to prosecution for the unlicensed practice of law for acting as counsel to a business organization prior to the effective date of this rule.

RULE 17-1.8 AMENDMENT OR REVOCATION
The Supreme Court of Florida has the inherent power to amend or revoke this rule, in whole or in part, in accordance with the procedures for amending the Rules Regulating The Florida Bar.

SUPPLEMENTAL ORDER

[July 7, 1994]
PER CURIAM.
Several comments have been filed with respect to this Court's recent amendments to Chapter 11 of the Rules Regulating The Florida Bar. Most of them complain of the new requirement that certification of those in the practice program after completion of a law school program or graduation shall be terminated upon failure of any portion of The Florida Bar examination. Upon consideration, the Court has determined to eliminate this requirement by amending rule 11-1.9(c) to read as follows:
The remaining comments are noted, but the Court has concluded that no other changes are warranted.
It is so ordered.
GRIMES, C.J., OVERTON, SHAW, KOGAN, HARDING and WELLS, JJ., and McDONALD, Senior Justice, concur.
NOTES
[1] Rule Regulating The Florida Bar 1-12.1 provides:

(f) Approval of Amendments. Amendments to other than chapters 7 and 9 of these Rules Regulating The Florida Bar shall be by petition to the Supreme Court of Florida. Petitions to amend these Rules Regulating The Florida Bar may be filed by the board of governors or by 50 members in good standing... .
[2] Mr. Pace did not file a petition.
[3] Offices of the attorney general, capital collateral representative, public defender, and state attorney.
[4] The rule contains exceptions that are not relevant here.
[5] The rule contains exceptions that are not relevant here.
[6] Because most of the amendments to chapter 11 were originated by this Court, all interested parties shall have thirty days within which to file comments directed toward chapter 11, after which this Court shall enter a subsequent order if any change shall be deemed necessary.