PER CURIAM.
The Florida Bar has filed a petition to amend Chapter 17 of the Rules Regulating The Florida Bar. Notice of the filing of this petition and a request for comments was published in The Florida Bar News. No comments have been filed with the Court, and the Bar states in its petition that it “has received no adverse comment or objection from any individual or group in response to its official notice of this filing and the amendments published herein.”
The proposed amendments are as follows:
(1)Amendment to Rule 17-1.2: This proposed amendment clarifies the definition of “authorized house counsel” by adding that a person seeking such status must be exclusively employed by a business organization. It also clarifies the definition of “business organization” by adding that such an entity must be authorized to transact business in Florida and does not include governmental or political entities or subdivisions. The proposed amendment reads:
RULE 17-1.2 DEFINITIONS
(a) Authorized House Counsel. An “authorized house counsel” is any person who:
(1) is a member in good standing of the entity governing the practice of law of each state (other than Florida), territory, or the District of Columbia in which the member is licensed;
(2) is not subject to a disciplinary proceeding or outstanding order of reprimand, censure or disbarment, permanent or temporary, for professional misconduct by the bar or courts of any jurisdiction at the time of application for registration under this chapter;
(3) has not been permanently denied admission to practice before the bar of any jurisdiction based upon *443 such person’s character or fitness at the time of application for registration under this chapter;
(4) agrees to abide by the Rules Regulating The Florida Bar (including, without limitation, rules 6-10.1 et seq.) and submit to the jurisdiction of the Supreme Court of Florida for disciplinary purposes;
(5) is, at the date of application for registration under this rule, exclusively employed by a business organization located in the state of Florida fey a business organization or relocating to the state of Florida in furtherance of such employment within 6 months of such application under this chapter and receives or shall receive compensation for activities performed for that business organization;
(6) has complied with rule 17-1.4.
(b) Business Organization. A “business organization” for the purpose of this rule is a corporation, partnership, association or other legal entity (taken together with its respective parents, subsidiaries, and affiliates) authorized to transact business in this state that is not itself engaged in the practice of law or the rendering of legal services outside such organization, whether for a fee or otherwise, and does not charge or collect a fee for the representation or advice other than to entities comprising such organization by the activities of the authorized house counsel. For purposes of this rule, a “business organization” does not include a governmental entity, governmental subdivision, political subdivision, school board, or any other entity that has the authority to levy a tax.
(2) Amendment to Rule 17-1.4: This proposed amendment adds a new subdivision to the rule regarding registration for authorized house counsel status. This new subdivision provides that The Florida Bar shall review the registration application for compliance with Chapter 17 and sets out certain reasons for which the application can be returned to the applicant. The proposed amendment also changes the language of the subdivision addressing certification by the Court to provide that after review, the Bar shall file with the Court the names and addresses of only those registrants whose applications comply with Chapter 17. This proposed amendment reads:
RULE 17-1.4 REGISTRATION
(a) Filing with The Florida Bar. The following shall be filed with The Florida Bar by an individual seeking to be certified as authorized house counsel:
(1) A certificate from an entity governing the practice of law of a state, territory, or the District of Columbia in which the registrant is licensed to practice law certifying that the registrant:
a. is a member in good standing; and
b. has a clear disciplinary record as required by subdivision 17-1.2(a)(2);
(2) a sworn statement by the registrant that the registrant:
a. has read and is familiar with the Rules Regulating The Florida Bar as adopted by the Supreme Court of Florida and will abide by the provisions thereof; and
b. submits to the jurisdiction of the Supreme Court of Florida for disciplinary purposes, as defined in chapter 3 of the Rules Regulating The Florida Bar and rule 17-1.7 herein, and authorizes notification to or from the entity governing the practice of law of each state, territory, or the District of Columbia in which the registrant is licensed to practice law of any disciplinary action taken against the registrant;
(3) a certificate from a business organization certifying that: it is qualified as set forth in subdivision 17- *444 1.2(b); that it is aware that the registrant is not licensed to practice in Florida; and it is not relying upon The Florida Bar in any manner in employing the authorized house counsel;
(4) an appropriate registration application to The Florida Bar as promulgated by the executive director of The Florida Bar; and
(5) an appropriate remittance of a filing fee prescribed and set by the executive director of The Florida Bar in an amount not to exceed the amount applicable for admission to the bar examination for an attorney licensed in a state other than Florida.
(b) Review by The Florida Bar. Upon receipt of the items set forth in subdivision 17-1.4(a), The Florida Bar shall review the items for compliance with this chapter. Any application not meeting the requirements of this chapter shall be sent back to the applicant. Grounds for return include, but are not limited to, filing certificates that do not contain all of the information set forth in subdivision 17-1.4(a), filing a certificate from a business organization that does not qualify as a business organization as defined by these rules, áhd failure to remit the appropriate fee.
fb)c Certification by Court. Upon ■receipt-of-the items - set forth in subdi-vi-sion--17-1.4(a) Upon review of the application by The Florida -Bar, The Florida Bar shall file with the clerk of the Supreme Court of Florida the name and address of the registrant those registrants complying with the provisions of subdivision 17-1.4(a) along with a request that the registrant be certified as authorized house counsel. Permission for authorized house counsel to perform services under this rule shall become effective upon approval of the request for certification by the clerk of the Supreme Court of Florida for a person employed in Florida or, if the registrant is not yet in Florida, the effective date of employment but not later than 6 months from the filing of the items set forth above.
fe) (d) Annual Registration. The registration pursuant to this section shall be annual in a manner consistent with that applicable to an attorney licensed to practice in the state of Florida including the annual fee therefor as if such authorized house counsel was so licensed, provided, however, such renewal shall include a statement that the certificates filed under subdivision 17 — 1.4(a)(1)—(3) with the initial registration are current and valid.
(3) Amendment to Rule 17-1.5: This proposed amendment adds language to the rule regarding termination or withdrawal of an authorized house counsel registration. The new language requires an authorized house counsel who has been disbarred or suspended in another jurisdiction to file a copy of the disciplinary order with The Florida Bar within thirty days. This . proposed amendment reads:
RULE 17-1.5 TERMINATION OR WITHDRAWAL OF REGISTRATION
(a) Cessation of Authorization to Perform Services. Authorization to perform services under this rule shall cease upon the earliest of the following events:
(1) the termination or resignation of employment with the business organization for which registration has been filed, provided, however, that if the authorized house counsel shall commence employment with another business organization within 30 days of the termination or resignation, authorization to perform services under this rule shall continue upon the filing with The Florida Bar of a certificate as set forth in subdivision 17~1.4(a)(3);
(2) the withdrawal of registration by the business organization;
*445 (3) the withdrawal of registration by the authorized house counsel;
(4) the relocation of an authorized house counsel outside of Florida for a period greater than 180 days;
(5) disbarment or suspension from the practice of law by a court or other authorized disciplinary agency of another state or by a federal court; or
(6) the failure of authorized house counsel to comply with any applicable provision of this rule.
Notice of one of the events set forth in subdivision 17-1.5(a)(l)(5) -(4) or a new certificate as provided in subdivision 17-1.5(a)(l) must be filed with The Florida Bar by the authorized house counsel within 30 days after such action. An authorized house counsel disbarred or suspended from the practice of law by a court or other authorized disciplinary agency of another state or by a federal court shall within 30 days after the effective date of disbarment or suspension file with The Florida Bar a copy of the order or judgment effecting such disbarment or suspension. Failure to provide such notice by the authorized house counsel shall be a basis for discipline pursuant to the Rules Regulating The Florida Bar.
(b) Notice of Withdrawal of Authorization. Upon receipt of the notice required by subdivision 17 — 1.5(a), The Florida Bar shall forward a request to the clerk of the Supreme Court of Florida that the authorization under this chapter be revoked. Notice of the revocation shall be mailed by the clerk of the Supreme Court of Florida to the authorized house counsel, the business organization employing the authorized house counsel, and The Florida Bar.
(c) Reapplication. Nothing herein shall prevent an individual previously authorized as house counsel to reapply for authorization as set forth in rule 17-1.4.
Chapter 17 of the Rules Regulating The Florida Bar governs the authorization of attorneys licensed to practice law in other jurisdictions and exclusively employed by a Florida business organization to undertake certain activities without being required to take the bar exam. Under this rule, such attorneys may apply to be certified as an “authorized house counsel.” The rule sets out permissible activities, provides the procedures for registration and certification, and governs the termination or withdrawal of authorization and the discipline of such attorneys.
A rule on this subject was originally proposed by the Bar in 1991. In its original form, however, it faced opposition from many large corporations arguing that the rule “would be a strong disincentive for large corporations to base their operations in Florida.” Florida Bar re Amendments to Rules Regulating The Florida Bar, 593 So.2d 1035, 1036 (Fla.1991). The Florida Department of Commerce also opposed the rule and felt it represented “one more barrier faced by the department in the promotion of Florida to national corporations.” Id. After considering the proposed rule, the Court commended the Bar for its effort to safeguard against the unlicensed practice of law, but due to the concerns expressed by its opponents, refused to adopt the rule. Id. The Court suggested, however, that the Board of Governors meet with the parties opposing the rule and formulate a new proposal that more adequately addressed their concerns. Id. In 1994, the Bar again came forward with a proposed rale on this subject. See Florida Bar re Amendments to Rules Regulating The Florida Bar, 635 So.2d 968 (Fla.1994). This proposal was adopted by the Court without extensive comment. Id. at 969.
While the Bar has not specifically stated the rationale behind each of the proposed amendments to Chapter 17 as set out above, the petition indicates that there has been some “confusion caused by the exist *446 ing rule.” In any event, the amendments do not appear to effect any major substantive changes. Indeed, as noted, no objection or comment whatsoever regarding the amendments has been received. Accordingly, we adopt these amendments as proposed and set out in this opinion. The amendments shall take effect upon the filing of this opinion.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.