# Supreme Court of Florida

---

No. SC2024-0053

---

**IN RE: AMENDMENTS TO RULE REGULATING
THE FLORIDA BAR 11-1.8.**

February 15, 2024

PER CURIAM.

We amend, on our own motion, Rule Regulating The Florida Bar 11-1.8 (Continuation of Practice Program After Completion of Law School Program or Graduation).[1]

As Rule Regulating The Florida Bar 11-1.1 (Purpose) explains, this Court adopted the rules governing the law school practice program "[a]s one means of providing assistance to lawyers who represent clients unable to pay for legal services and to encourage law schools to provide clinical instruction in trial work of varying kinds." We now have determined that it would be beneficial to extend the maximum term of certification for the continuation of

---

1. We have jurisdiction. Art. V, § 15, Fla. Const.; *see also* R. Regulating Fla. Bar 1-12.1.

the practice program under the supervision of a Florida Bar member after graduation from law school and to permit these certified legal interns three opportunities to pass the Florida bar examination before certification is terminated. This change is intended to assist in the "avowed quest for experienced persons, while affording protection to the public." *Fla. Bar re Amends. to R. Regulating Fla. Bar*, 635 So. 2d 968, 969 (Fla. 1994).

Accordingly, rule 11-1.8 is amended as reflected in the appendix to this opinion. New language is indicated by underscoring in the appendix, and the deletions are indicated by struck-through type. The amendments are effective immediately. Because the amendments were not published for comment previously, interested persons shall have seventy-five days from the date of this opinion in which to file comments with the Court.[2]

2. All comments must be filed with the Court on or before April 30, 2024, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida

It is so ordered.

MUÑIZ, C.J., and CANADY, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.
LABARGA, J., concurs in part and dissents in part with an opinion.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

LABARGA, J., concurring in part and dissenting in part.

While I agree with the substance of the rule change extending a law school graduate's maximum term of certification from twelve to eighteen months and permitting where necessary a third administration of the Florida bar examination, I again dissent to the Court's adoption of this amendment on its own motion.

Recently, I expressed my concern about this Court's "pattern of [sua sponte] rule amendments." *In re Amend. to Fla. Rule of App. Proc. 9.130*, 48 Fla. L. Weekly S257, S257 (Fla. Dec. 14, 2023) (Labarga, J., dissenting). Even where, as here, a rule change is unlikely to be controversial, I think the better practice in all but the

Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

most urgent instances is for this Court to publish proposed rule amendments for comment *before* adoption.

I reaffirm my concern that a "retroactive comment period . . . does not always reflect the most efficient nor the most effective way of fully incorporating the input of relevant entities." *Id.* Indeed, it is possible that this practice has a chilling effect on the submission of comments for the Court's consideration, and in my experience, the input of interested persons and entities is of great use to this Court in considering rule amendments.

Original Proceeding – Florida Rules Regulating The Florida Bar

# Appendix

## RULE 11-1.8. CONTINUATION OF PRACTICE PROGRAM AFTER COMPLETION OF LAW SCHOOL PROGRAM OR GRADUATION

**(a)-(b)** [No Change]

**(c) Term of Certification.** The maximum term of certification for graduates is ~~12~~18 months from the date of graduation.

**(d) Termination of Certification.** Failure to take the next available Florida bar examination, failure of any portion of the Florida bar examination on the ~~second~~third administration if a ~~second~~third administration is required, or denial of admission to The Florida Bar terminates certification under this rule.

**(e)** [No Change]